Filed 9/25/15  P. v. Belle CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
|---|

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JIMMY LEE BELLE,<br><br>        Defendant and Appellant. | A144420<br><br>(Solano County<br>Super. Ct. No. VC42083) |

In 1997, Jimmy Lee Belle was found not guilty by reason of insanity on a charge of robbery with a one-year prior prison term sentencing enhancement.  (Pen. Code, §§ 211, 667.5, subd. (b), 1026.)[1]  Belle initially was committed to the state hospital for a maximum term of seven years.  (§ 1026.5, subd. (a).)  His commitment has been extended several times since.  (§ 1026.5, subd. (b).)  In 2008, Belle stipulated to a two-year extension of his commitment, and the court ordered him conditionally released into an outpatient program under the supervision of the county conditional release program (CONREP).  The court renewed Belle's outpatient status annually from 2009 to 2014. (§ 1606.)  In September 2014, CONREP requested revocation of Belle's outpatient status. (§ 1608.)  Following a contested hearing, the court revoked Belle's outpatient status and ordered him to remain at the state hospital, where he had previously been readmitted. Belle appeals the order revoking his outpatient status.

---

[1] All statutory references are to the Penal Code.

1

Appointed counsel has submitted a brief stating that he can identify no arguable issues to be pursued on appeal. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 (*Ben C.*).) Counsel asks us to conduct an independent review of the record. We decline to do so, and dismiss the appeal.

## I.   BACKGROUND

As noted *ante*, Belle's initial insanity commitment was repeatedly extended. In 2006, the trial court granted Belle's request for conditional release into a supervised outpatient program for one year, and his outpatient status was renewed in March 2007. (§§ 1604, 1606.) In October 2007, the court revoked Belle's outpatient status and ordered him returned to the state hospital. (§ 1608.) Belle was again conditionally released to outpatient care in 2008, and his outpatient status was renewed annually through 2014. In September 2014, CONREP informed the court that Belle had been readmitted to the state hospital and requested revocation of his outpatient status. (§§ 1608, 1610.)

At a contested hearing, the People presented testimony that Belle was readmitted to Napa State Hospital following an incident with his landlady in which Belle's behavior caused the woman to fear for her safety. Belle was characterized as "acutely and floridly psychotic." Elizabeth Barber, a forensic mental health specialist with CONREP, testified that prior to hospitalization, Belle was noncompliant with CONREP rules, including a curfew. Belle told Barber that he did not want outpatient treatment and supervision. Before Belle's hospital readmission, CONREP staff had been concerned about Belle's lack of insight into his prior criminal conduct and the psychotic symptoms of his mental illness (including auditory hallucinations as well as disorganized, illogical, and tangential thoughts).

After readmission to Napa State Hospital, Belle wrote "inappropriate," "romantic" letters to a female former neighbor. In December 2014, Belle sent a letter to another woman in which he suggested they "open a whore house together." In the structured environment of the hospital, Belle was medication-compliant but did not self-report his

symptoms. His attendance at group therapy sessions was "sporadic," and his participation was "not meaningful."

Dr. Stephen Wieder, Belle's treating psychiatrist at Napa State Hospital, diagnosed Belle as suffering from schizoaffective disorder, pedophilia, antisocial personality disorder, and polysubstance abuse disorder. Wieder described Belle's symptoms as "improved," though not "100 percent" during his inpatient treatment. Wieder testified that Belle lacked insight into the signs and symptoms of his mental illness and did not have a realistic aftercare plan.

Dr. Arna Dixit, another staff psychologist at Napa State Hospital, opined that Belle required extended inpatient treatment and should remain hospitalized. Dixit said that Belle's attendance at group therapy sessions was "sporadic" and his participation was "superficial." Dixit also believed that Belle lacked insight into his mental illness, and that Belle's relapse prevention plan was not feasible. A risk assessment test indicated Belle's risk of dangerousness "would be low to moderate within the confines of Napa [State Hospital] and high on the outside."

## II. DISCUSSION

As Belle acknowledges, the independent appellate review of the record required in criminal cases when an appellant raises no identifiable issues (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436, 441–442) has no application in a civil commitment proceeding (*Ben C., supra,* 40 Cal.4th at p. 544; *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1428). *Wende* review is limited to a defendant's first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 498–499, 503.) *In Ben C.*, the California Supreme Court held that *Wende* review is not required on an appeal from the imposition of a conservatorship under the Lanterman–Petris–Short Act. (*Ben C.,* at p. 544.) In *Dobson*, the Fifth District Court of Appeal held that *Ben C.* compelled a similar conclusion in an appeal from the denial of outpatient status pursuant to a petition for restoration of sanity pursuant to section 1026.2. (*Dobson*, at p. 1425; see *In re Phoenix H.* (2009) 47 Cal.4th 835, 843, 845–846 [no *Wende* review in appeal from termination of parental rights, acceptance of

3

supplemental brief required only on a showing of good cause]; *People v. Kisling* (2015) 239 Cal.App.4th 288, 290 [no *Wende* review of denial of sexually violent predator petition for release].)

In *Ben C.*, the court held that "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C., supra,* 40 Cal.4th at p. 544.)  In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id*. at p. 544, fn. 6.)  The appellate court may then dismiss the appeal if there are no arguable issues.  (*Id*. at p. 544.)  Belle's counsel states that he has advised Belle as required under *Ben C.*, including his opportunity to file a supplemental brief.  No supplemental brief has been received.

Appointed counsel notes that, although this court may properly dismiss this appeal on our own motion, we nevertheless have discretion to retain the appeal.  (*Ben C., supra*, 40 Cal.4th at p. 544, fn. 7.)  He urges us to do so.  We have reviewed the record only to the extent necessary to allow us to exercise that discretion.  We find no issues requiring further briefing or analysis.

### III.    DISPOSITION

The appeal is dismissed.

4

_____

BRUINIERS, J.

WE CONCUR:


_____

JONES, P. J.


_____

SIMONS, J.

A144420