Filed 9/22/20  P. v. Rodriguez CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

THE PEOPLE,

    Plaintiff and Respondent,

v.

FRANK XAVIER RODRIGUEZ,

    Defendant and Appellant.

E074208

(Super.Ct.No. FSB19931)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Frank Xavier Rodriguez appeals from an order of the San Bernardino Superior Court denying his Penal Code section 1170.95 (Stats. 2018,

1

ch. 1015, § 4, eff. Jan. 1, 2019) petition for resentencing of his murder conviction.[1] We will affirm.

In 1996 and 1998, defendant committed a variety of criminal acts. They included a carjacking incident in 1996 in which he fired a gun into a car, killing one man and injuring another. Two years later, defendant approached two men, and, after a brief conversation, he pulled a gun and fired two shots at each man, killing one of them. That year, he also engaged in a road rage incident in which he fired shots into someone's car. He was eventually charged with 10 counts of criminal conduct.

Trial in the San Bernardino County Superior Court took place in phases. The first phase, which included the counts stemming from the 1996 shooting, resulted in a jury finding defendant guilty of a single count of possession of a firearm. (Former § 12021, subd. (a)(1).) During that phase, defendant pled guilty to voluntary manslaughter (§ 192, subd. (a)) and admitted personal use of a firearm (former § 12022.5, subd. (a)(1)). The second phase involved the 1998 shooting. A jury found defendant guilty of second-degree murder (§ 187) and possession of a firearm by a convicted felon (§ 12021, subd. (a)(1)). The jury found true a variety of enhancement allegations, including three related to prior strike convictions and several related to use or discharge of a personal firearm. The road rage incident was reserved for the third phase and resulted in defendant pleading guilty to discharging a firearm at an occupied vehicle. (§ 246.)

---

[1] All further statutory references are to the Penal Code.

The court sentenced defendant to a total indeterminate term of 55 years to life and a total determinate term of 22 years, to run consecutively.  Defendant appealed, and this court affirmed his convictions.  (*People v. Rodriguez* (May 25, 2004, E032733) [nonpub. opn.].)

In 2018, the Legislature enacted Penal Code section 1170.95, a provision that authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced.  On April 3, 2019, defendant filed a section 1170.95 petition seeking resentencing of his murder conviction.  The court denied the motion, finding defendant ineligible for relief because he was the actual killer, and he had acted with an intent to kill.

Defendant appealed.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth a statement of the case, summary of the facts, and one potential arguable issue:  whether defendant was the actual murderer of the man who died in the 1998 shooting.

In a recent case, *People v. Cole* (2020) 52 Cal.App.5th 1023, Division Two of the Second District held that the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment, not to cases like the present one in which the appeal is from a denial of postconviction relief.  (*Id.* at p.1032.)  That court

3

nevertheless exercised its inherent supervisory powers to control the proceedings before it to permit the defendant to file a supplemental brief and to dismiss the case when he failed to do so. (*Id.* at p. 1038.)

Pursuant to the same inherent supervisory authority articulated in *Cole*, we apply *Wende* procedures to postjudgment appeals. (*Wende*, *supra*, 25 Cal.3d at pp. 438, 442-443.) That is, we require appointed appellate counsel to review the record and, if unable to find a reasonably arguable issue, to file a no-issues brief setting forth the facts and applicable law. Upon receipt of the no-issues brief, we provide defendant an opportunity to file a personal supplemental brief, and we conduct an independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106. In this case, appointed appellate counsel filed a no-issues brief. We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We conducted an independent review of the record and found no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

MILLER
J.

4

[*People v. Rodriguez*, E074208]

Slough, J., Dissenting.

I respectfully disagree with the majority's rote application of the standard *Anders/Wende*[1] review process to orders denying petitions for resentencing under Penal Code section 1170.95. I would instead dismiss the appeal as abandoned. *Anders/Wende* review is required only when a defendant has a constitutional right to counsel, which extends only to the first appeal of right. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537, 544.) In this case, Rodriguez appeals from a collateral postconviction order, so he isn't entitled to automatic *Anders/Wende* review.

*Anders/Wende* review is grounded in the constitutional right to counsel, and courts have repeatedly declined to apply it in other contexts. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 554-555; *In re Sade C.* (1996) 13 Cal.4th 952, 959; *People v. Kisling* (2015) 239 Cal.App.4th 288, 290; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304, 307-308; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 579.)

Here, Rodriguez had the right to appointed appellate counsel as his appeal affects his substantial rights. (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c).) However, this is a statutory, not a constitutional right. His counsel filed an opening brief raising no issues. We offered Rodriquez the opportunity to file a supplemental brief, but he didn't do so.

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

1

Normally, we would follow the general precedent above and the more specific precedent from our sister Courts of Appeal holding the *Anders/Wende* review doesn't apply to collateral, postconviction appeals in general (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501, 503) or to Penal Code section 1170.95 petitions in particular (*People v. Martinez* (2016) 246 Cal.App.4th 1226, 1240 ["because the *Anders* procedure is not required by due process, appointed counsel has been unable to find any arguable issue on appeal and Martinez has not filed a supplemental brief on his own behalf after having been given the opportunity to do so, we dismiss the appeal as abandoned"]).

Nevertheless, without explanation, the majority turn a blind eye to these principles and this precedent and choose to expend the resources to review the record in this case. Why now? Why this case and not others? I don't know, and neither does the public, because the majority offer no explanation or justification for their choice. Instead, they pay lip service to *People v. Cole* (2020) 52 Cal.App.5th 1023, a case in which the Court of Appeal dismissed the appeal as abandoned, without independently reviewing the record, after appellant failed to file a supplemental brief. Indeed, the *Cole* court points out our institution could save even more public resources by dismissing such appeals by order, without writing full opinions. (*Id.* at p. 1040 [quoting *Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 544].)

While it's true—as in every appeal—we have discretion to review the entire record and request supplemental briefing on any issues we identify (Gov. Code, § 68081; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6), we rarely exercise that discretion. Indeed, we routinely dismiss appeals in mentally disordered offender proceedings when the appellant files a brief

2

raising no issues, as well as in juvenile dependency cases when no issues are raised. (*People v. Dobson*, *supra*, 161 Cal.App.4th at p. 1425; *In re Sade C.*, *supra*, 13 Cal.4th 952; *In re Phoenix H.* (2009) 47 Cal.4th 835.) While the interests in juvenile dependencies and mentally disordered offender proceedings are certainly important, there are also important countervailing reasons for holding appellants to their burden of demonstrating prejudicial error, not the least of which is to conserve our limited resources.

I therefore depart from the majority here when they elect to depart from *Cole*, *Martinez*, and *Serrano* and review the record without explaining why they feel it important to take this step, either for this category of cases or for this case in particular. Is there a legal or factual basis for treating this postjudgment collateral attack differently? I don't see one, and the majority simply pass over the issue in silence, making the decision appear arbitrary.

Unlike the majority, our colleagues in District Four, Division Three recently offered an explanation why *they* chose to independently review an appeal of an order denying Penal Code section 1170.95 relief. (*People v. Flores* (Sept. 3, 2020, No. G058486) ___ Cal.App.5th ___ [2020 Cal.App. Lexis 839 at p. *12.) They concluded the liberty interests of the petitioner measured against what they described as "the modest fiscal and administrative burdens to the courts" weighed in favor of conducting an independent review. I find this reason unsatisfying. I don't see how the interest involved in a criminal resentencing petition is more important than the issues involved in juvenile and mentally disordered offender proceedings. Any appeal involving criminal punishment will implicate the liberty interests of the appellant, but in my view the

opportunity we gave Rodriguez to file a supplemental brief (an opportunity he declined) is sufficient as an extra layer of process to protect that interest.

As the Court of Appeal explained in *Serrano*, there is a very strong rationale for finding an appeal abandoned and dismissing it without independently reviewing the record—the burden on the courts (and therefore the public) of conducting such a review. That rationale is as compelling in 2020 as it was in 2012. "In these times of decreasing judicial budgets and the resulting overall reduction in public access to justice, [the state's] interests cannot be understated. . . . The judicial resources expended to conduct an independent review in each of these cases are innumerable, and relative to the incidence of reversal in these cases, wholly unproductive and a waste of scarce judicial resources. Where a defendant has been afforded all the constitutional protections of a first appeal of right, including the right to *Wende* review where appropriate, we find that he is not entitled to *Anders/Wende* procedures in subsequent appeals, including collateral attacks on the judgment." (*People v. Serrano, supra*, 211 Cal.App.4th at p. 503.)

Though the *Flores* court characterizes these burdens as modest, I don't believe that view is supported in fact. In July alone, our court put out at least 12 opinions (all unpublished) after independently reviewing the record in appeals of orders denying postjudgment petitions and another three explaining why we were dismissing instead of conducting an independent review. That constituted about half of our *Wende* caseload for the month as well as about 16 percent of our full caseload. Assuming we provided a thorough review of the records, that's a substantial amount of work. I don't think the squeeze was worth the juice. Ultimately, we affirmed the trial

4

court in each of those opinions. What's more, we provided the exact same substantive analysis in all of them, stating only that we had independently reviewed the record for potential error and found no arguable issues.

It seems to me the better approach is to dismiss such appeals by order and without opinion and use our scarce resources on other contested cases sitting on our shelves awaiting review. (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040.) The exception would be for cases where the appellant accepts our invitation and files their own brief identifying issues for appeal. Though that procedure is not required by due process, it is the sort of extra layer of protection we may expect will, from time to time, identify important issues appointed appellate counsel missed. (*Ibid.*)

However, absent a strong reason for expending judicial resources to conduct an independent review, we should dismiss this appeal—and appeals of this category—as abandoned, when neither counsel nor the appellant can identify an issue warranting reversal.

SLOUGH_____
J.