Filed 10/19/20  P. v. Paul CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B303968 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA072928) |
| v. | |
| TRACY VAUGHN PAUL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 2007, a jury convicted appellant Tracy Vaughn Paul of murder (Pen. Code, § 187, subd. (a))[1] and possession of a firearm as a felon (§ 12021, subd. (a)(1)). The jury found true allegations that appellant had personally used a firearm causing great bodily injury (§ 12022.53, subds. (b), (c), (d)), and that the offense had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). Appellant admitted the truth of allegations that he had two prior convictions within the scope of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), two prior convictions for a serious felony (§ 667, subd. (a)(1)), and four prior prison terms (§ 667.5, subd. (b)). The trial court sentenced appellant to imprisonment for a total term of 116 years and eight months to life (including a 10-year gang enhancement), and imposed a $10,000 restitution fine. In an unpublished opinion, we affirmed the judgment, as modified to reflect that the 10-year gang enhancement was stricken, and that the jury had found true the gang allegation for purposes of the minimum parole eligibility period. (*People v. Paul* (Jan. 6, 2009, No. B202211) 2009 Cal.App.Unpub. LEXIS 38.)

On November 5, 2019, appellant filed a motion for reduction of his restitution fine. He argued the trial court erred by imposing a restitution fine in excess of $300

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

because he was entitled to an exemption under Code of Civil Procedure section 704.090, which exempts $300 in a prisoner's trust account from the enforcement of a restitution fine. (See Code Civ. Proc., § 704.090, subd. (b) ["if the judgment [being enforced] is for a restitution fine . . . , the funds held in trust for, or to the credit of, a judgment debtor [confined in a prison] are exempt in the amount of three hundred dollars"].) The trial court denied the motion, finding that appellant had the ability to pay the fine (he had not argued otherwise), and that the amount of the fine was appropriate. Appellant appealed.

Appellant's appointed counsel filed a brief requesting that we independently review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We directed counsel to send the record and a copy of the brief to appellant (as counsel had represented he would do, regardless), and notified appellant of his right to respond within 30 days. We have received no response.

## DISCUSSION

We dismiss the appeal because appellant is not entitled to *Wende* review. "In an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535, citing *Anders v. California* (1967) 386 U.S. 738; *Wende, supra,* 25 Cal.3d 436.) A defendant is not entitled to such review "in

subsequent appeals." (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see also *People v. Kisling* (2015) 239 Cal.App.4th 288, 290.)  As this is an appeal from a motion for postjudgment relief, not a first appeal as a matter of right, appellant is not entitled to *Wende* review.  (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278.)  Because neither appellant nor his counsel has raised any claims of error, we dismiss the appeal as abandoned.  (See *ibid.*; *People v. Serrano, supra*, 211 Cal.App.4th at 503-504; *People v. Kisling, supra*, 239 Cal.App.4th at 292 & fn. 3.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.