Filed 11/23/20  P. v. Wimberly CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B304667 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA156752) |
| v. | |
| CRAIG E. WIMBERLY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Dismissed.

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 1998, a jury convicted appellant Craig Wimberly of solicitation of murder.  (Pen. Code, § 653f, subd. (b).)[1]  The jury also found true the allegations regarding appellant's two prior strike convictions for robbery.  (§ 211.)  The trial court imposed a sentence of 25 years to life under the Three Strikes Law.  (§§ 667, 1170.12.)  In *People v. Wimberly* (Feb. 2, 2000, B124020) [nonpub. opn.], this court modified the conviction to reflect a $2,000 parole revocation fine and affirmed.  Subsequently, appellant appealed the trial court's denial of his petition for resentencing under section 1170.126, which amended the Three Strikes Law.  We affirmed the trial court's decision in *People v. Wimberly* (Dec. 20, 2017, B281550) [nonpub. opn.].

On January 10, 2020, appellant filed a motion for modification of his sentence pursuant to section 1016.8.  He argued that at the time he entered guilty pleas to two prior robberies in 1985 and 1988, he was not told that those convictions could be used to enhance a later sentence under the Three Strikes Law, and therefore his sentence should be modified under section 1016.8.  The trial court denied appellant's motion, stating that the newly-enacted section 1016.8 did not apply to defendant's case and, further, that defendant had not waived any future rights in entering into the plea agreements at issue. Appellant appealed.

Appellant's appointed counsel filed a brief requesting that we independently review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We directed counsel to send the record and a copy of the brief to appellant, and notified

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

appellant of his right to respond within 30 days. We have received no response.

## DISCUSSION

We dismiss the appeal because appellant is not entitled to *Wende* review. "In an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535, citing *Anders v. California* (1967) 386 U.S. 738; *Wende, supra*, 25 Cal.3d 436.) A defendant is not entitled to such review "in subsequent appeals." (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see also *People v. Kisling* (2015) 239 Cal.App.4th 288, 290.) As this is an appeal from a motion for postjudgment relief, not a first appeal as a matter of right, appellant is not entitled to *Wende* review. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278.) Because neither appellant nor his counsel has raised any claims of error, we dismiss the appeal as abandoned. (See *ibid*.; *People v. Serrano, supra*, 211 Cal.App.4th at 503-504; *People v. Kisling, supra*, 239 Cal.App.4th at 292 & fn. 3.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, ACTING P. J.                    CURREY, J.

3