Filed 12/15/20  P. v. Ulery CA4/2
See Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075109 |
| v. | (Super.Ct.No. 19PA002126) |
| CHRISTOPHER CHARLES ULERY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael R. Libutti, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Christopher Charles Ulery appeals from an order of the San Bernardino Superior Court denying his motion to dismiss the People's petition for revocation of his parole.  We will affirm.

1

Defendant was convicted in July 2017 of first degree burglary (Pen. Code, § 459[1]), receiving a stolen vehicle (§ 496d, subd. (a)), and vehicle theft with a prior conviction for the same type of offense (§ 666.5, subd. (a)). He was released on parole on December 19, 2019, with supervision set to expire on January 25, 2022. It appears he was taken back into custody in August 2019 for absconding parole supervision. Upon his release on October 23, 2019, he complied with the parole condition that he meet with his parole agent the following day but was unable to provide the agent with a residential address as required. He was instructed to return the next day but failed to appear then or thereafter. The court issued a warrant in December 2019, and defendant was taken into custody in Iowa in February 2020. The parole agent filed a petition for revocation of defendant's parole.

The petition was heard on May 15, 2020. Defendant's counsel moved to dismiss the petition on the ground that defendant had been in custody for 92 days. With custody credits, the time exceeded the 180-day confinement limit set forth in subdivision (g) of section 3000.08. The court denied the motion, finding there was good cause for the two-day delay due to the impact of the coronavirus pandemic, and any resulting prejudice to defendant was very slight.

Defendant waived his rights and admitted the parole violation against the advice of counsel. The court awarded him credit for 92 days of actual time served and 92 days' conduct credit.

---

[1] All further statutory references are to the Penal Code.

Defendant appealed, and this court appointed counsel to represent him.

**DISCUSSION**

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738 setting forth statements of the case and facts, and a potential arguable issue:  Whether the trial court erred when it denied defendant's motion to dismiss the probation violation allegation as section 3000.08, subdivision (g), provides the maximum period of confinement for parole violation is 180 days.  Counsel also requested this court to undertake a review of the entire record.

When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court is required to offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment.  We also recognize, however, that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief.  (*Cole*, at pp. 1038-1039 [Second App. Dist., Div. Two, did not review the record and exercised discretion to dismiss the appeal as

3

abandoned when defendant did not file a supplemental brief]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Div. Three of this court exercised discretion to conduct independent review of the record even though defendant did not file a supplemental brief]; see generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fns. 7, 8 [court has inherent power to retain or dismiss an appeal from a conservatorship proceeding upon receipt of a no-issues brief from appointed counsel].)

In this case, appointed appellate counsel filed a no-issues brief in an appeal from orders denying an indigent defendant post-conviction relief. We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We exercised our discretion to conduct an independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106 and found no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

McKINSTER
J.

4

[*People v. Ulery,* E075109]

Slough, J., Dissenting.

Once again, this majority, in cut-and-paste fashion, elect to perform a full *Anders/Wende*[1] review in a postconviction setting after receiving a brief from appellant's attorney identifying no arguable issues and after he declined to submit a supplemental brief. I again dissent, because we should dismiss the appeal as abandoned.

*Anders/Wende* review is required only when a defendant has a constitutional right to counsel, which extends only to the first appeal of right. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537, 544.) The procedure is grounded in the constitutional right to counsel, and courts have repeatedly declined to apply it in other contexts. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 554-555; *In re Sade C.* (1996) 13 Cal.4th 952, 959; *People v. Kisling* (2015) 239 Cal.App.4th 288, 290; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304, 307-308; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 579.)

Here we have a postconviction appeal, not a first appeal of right. Ulery was alleged to have violated the terms of his parole. At the hearing, his attorney asked the trial court to dismiss the petition because he had already served two days more than legally allowed for the violation. The trial court denied the request, Ulery admitted the violation, and the court sentenced him to time served. He now appeals, and statute, not the constitution, gives him a right to appointed

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

appellate counsel. (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c).) However, his counsel filed an opening brief identifying no issues warranting review. As is our standard procedure, we offered Ulery the opportunity to file a supplemental brief identifying any issues he thought we should review, but he didn't submit a brief. Normally, we would dismiss the appeal as abandoned because the *Anders/Wende* procedure doesn't apply to collateral, postconviction appeals. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501, 503.)

The majority provide no reason for abandoning this precedent and make no attempt to justify expending the resources, including time, it takes to give the record the attention required to perform a good faith independent review. They cite *People v. Cole* (2020) 52 Cal.App.5th 1023, but in that case the Court of Appeal followed the path I would follow here; they dismissed the appeal as abandoned without independently reviewing the record. Indeed, the *Cole* court pointed out the courts could save even more public resources by dismissing such appeals by order, without writing full opinions. (*Id.* at p. 1040.) *Cole* provides no support for the majority's choice here. All it does is acknowledge the uncontroversial point that appellate courts have discretion to address issues not raised by the parties.

In the other case the majority cite, our colleagues in District Four, Division Three explained that they exercised their discretion to independently review an appeal of an order denying Penal Code section 1170.95 relief. They reasoned the liberty interests of the petitioner outweighed what they described as "the modest fiscal and administrative burdens to the courts." (*People v. Flores* (2020) 54 Cal.App.5th 266, 274.) I find that justification unsatisfying. If we were to follow that logic, then we would have reached the point where every *Wende* brief filed in

a postconviction proceeding would require us to take these additional steps. But that's not the law, nor should it be.

As the Court of Appeal explained in *Serrano*, there is a very strong rationale for finding an appeal abandoned and dismissing it without independently reviewing the record—the burden on the courts (and therefore the public) of conducting such a review. That rationale is as compelling in 2020 as it was in 2012. "In these times of decreasing judicial budgets and the resulting overall reduction in public access to justice, [the state's] interests cannot be understated. . . . The judicial resources expended to conduct an independent review in each of these cases are innumerable, and relative to the incidence of reversal in these cases, wholly unproductive and a waste of scarce judicial resources. Where a defendant has been afforded all the constitutional protections of a first appeal of right, including the right to *Wende* review where appropriate, we find that he is not entitled to *Anders/Wende* procedures in subsequent appeals, including collateral attacks on the judgment." (*People v. Serrano, supra*, 211 Cal.App.4th at p. 503.)

The better approach is to dismiss such appeals by order and without opinion and use our scarce resources on other contested cases sitting on our shelves awaiting review. (*People v. Cole, supra*, 52 Cal.App.5th at p. 1040.) However, absent a strong reason for expending judicial resources to conduct an independent review, we should dismiss appeals like this as abandoned, when neither counsel nor the appellant can identify an issue warranting reversal.

SLOUGH           

                        J.