Filed 5/19/21  P. v. Vasquez CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B308426 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA078205) |
| v. | |
| RUDY EVAN VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Fred N. Wapner, Judge.  Dismissed.

Christine Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In May 1992, a reputed member of appellant Rudy Vasquez's gang was killed by a rival gang member. Two weeks later, appellant drove into the rival gang's territory. A fellow occupant of his car fired five or six gunshots into a group of rival gang members. Two of the rivals were hit, and one died.[1]

In 1994, a jury found appellant guilty of one count of second degree murder, with an enhancement for a principal's use of a firearm, and one count of attempted first degree murder. The trial court sentenced appellant to 16 years to life plus a consecutive life sentence.

On August 30, 2019, appellant filed a petition for resentencing under Penal Code section 1170.95. Appellant asserted that he had been convicted of murder under the felony murder rule or natural and probable consequences doctrine and could not now be convicted of murder because of changes made to Penal Code sections 188 and 189 in January 2019. The trial court initially appointed counsel for appellant on September 11, 2019, though several subsequent appointments were made before a bar panel attorney appeared in the case on February 5, 2020.

The prosecution filed two oppositions to the petition on October 29, 2019. In the first, it argued that Penal Code section 1170.95 was unconstitutional. In the second, the prosecution argued that appellant was ineligible for resentencing because he was convicted of second degree murder as a direct aider and

_____

[1]On our own motion, we take judicial notice of our prior opinion in this matter, *People v. Vasquez* (Nov. 22, 1995, B084452) [nonpub. opn.], which appears to have been inadvertently omitted from the appellate record. Appellant's "statement of the case and relevant facts" relies on the generally accurate summary of that opinion provided in the prosecution's opposition brief below.

abettor and not under the felony murder rule or natural and probable consequences theory. In a handwritten "traverse" dated November 10, 2019 and filed on January 2, 2020, appellant reiterated his assertion that he was convicted under the natural and probable consequences doctrine.

After several continuances, the court held a hearing on October 1, 2020. At the hearing, appellant's counsel informed the court that he had read the transcripts from appellant's trial and submitted on the record. Counsel stated, "I'd rather not acknowledge that there's no basis for the [petition]; but, essentially, I'm submitting." The trial court denied the petition. Appellant timely appealed.

Appellant's appointed counsel filed a brief raising no issues and requesting that this court independently review the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) rather than follow the procedures of *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). We directed counsel to send the record and a copy of the brief to appellant, and notified him of his right to respond within 30 days. We have received no response.

We conclude that appellant is not entitled to *Wende* review and dismiss the appeal pursuant to *Serrano*. "In an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535, citing *Anders v. California* (1967) 386 U.S. 738; *Wende*, *supra*, 25 Cal.3d 436.) A defendant is not entitled to such review "in subsequent appeals." (*Serrano*, *supra*, 211 Cal.App.4th at p. 503; see also *People v. Kisling* (2015) 239 Cal.App.4th 288, 290.) As this is an

3

appeal from a motion for postjudgment relief, not a first appeal as a matter of right, appellant is not entitled to *Wende* review.  (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 (*Cole*); *People v. Scott* (2020) 58 Cal.App.5th 1127, review granted Mar. 17, 2021, S266853 (*Scott*).)  We agree with our colleagues in *Scott*, *supra*, 58 Cal.App.5th at p. 1131 that we retain discretion to conduct a *Wende*-type review, but that such discretion "should be exercised when there is some reason to do so, not as a routine matter." There is no reason to do so here, where it is readily apparent that appellant's section 1170.95 petition cannot succeed as a matter of law.  (See *Scott*, *supra*, 58 Cal.App.5th at pp. 1131-1132.)

Neither appellant nor his counsel has raised any claims of error. We accordingly follow the procedures of *Serrano* and dismiss the appeal as abandoned.  (*Scott*, *supra,* 58 Cal.App.5th at p. 1132; *Cole*, *supra*, 52 Cal.App.5th at p. 1040; *Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504; *People v. Kisling*, *supra*, 239 Cal.App.4th at p. 292 & fn. 3.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.

4