Filed 7/30/21  P. v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C088572 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-MH-SVPR-2015-0000014) |
| v. | |
| HERSHEL JACKSON, | |
| Defendant and Appellant. | |

Appellant Hershel Jackson appeals from the civil commitment order entered after jury trial and committing appellant to the Department of State Hospitals (DSH) under the Sexually Violent Predators Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.).[1]  We appointed counsel to represent Jackson on appeal.  Appointed counsel filed an opening brief invoking the independent judicial review procedures set forth in *Anders v. State of*

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

*California* (1967) 386 U.S. 738 and *People v. Wende* (1979) 25 Cal.3d 436.  For reasons discussed in *People v. Kisling* (2015) 239 Cal.App.4th 288, as well as *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), we conclude that *Anders/Wende* review on appeal is not available in this civil commitment proceeding; accordingly, we dismiss the appeal.

BACKGROUND

On February 4, 2015, the People filed a petition seeking to commit Jackson as a sexually violent predator (SVP) pursuant to section 6000 et. seq.  The jury found he qualified as an SVP.  The trial court committed him for appropriate treatment and confinement in a secure facility for an indeterminate term.  He timely appealed.  The matter was assigned to this panel on June 25, 2021.

DISCUSSION

Appointed counsel filed an opening brief citing *Anders* and *Wende*.  Counsel acknowledged that the courts of appeal have concluded *Wende/Anders* procedures do not apply to SVP proceedings.  Accordingly, in accordance with *Ben C., supra,* 40 Cal.4th at page 544, counsel set forth the basic facts and procedural history of the case.  Counsel declared that he advised appellant of his right to file a supplemental brief or letter containing any issues he wishes this court to consider.[2]  We have received no briefing directly from Jackson.

We recognize that *Kisling* involved an individual's appeal from an order denying his petition to be *released* from a commitment under the SVPA, whereas Jackson's current appeal is taken from an order *committing* him to the Department of State

---

[2] Appellate counsel reads footnote in *Ben. C.*, *supra*, 40 Cal.4th at page 544, footnote 6 to require that in addition to counsel providing notice of the right to file a supplemental brief, this court must also provide that notice.  The footnote itself says only that the appellant "is to be provided a copy of the [*Wende*] brief and informed of the right to file a supplemental brief."  Nothing in that footnote suggests we are required to duplicate counsel's notice.

Hospital's custody under the SVPA.  (See *People v. Kisling, supra*, 239 Cal.App.4th at p. 290.)  Nonetheless, we find the principles discussed in *Kisling* applicable.  *Wende* review applies only to appointed counsel's representation of an indigent criminal defendant in a first appeal of right; because proceedings under the SVPA are civil matters, it follows that an appeal from an SVPA proceeding does not directly implicate *Wende*.  (*Id*. at p. 290.)  Application of the three-part test articulated in *Ben C., supra*, 40 Cal.4th 529, upon which *Kisling* relies, does not cause us to find that such review is required on appeal from a SVPA proceeding.  (*Kisling*, at pp. 290-292.)  Here, appointed counsel filed an opening brief raising no issues on appeal, Jackson has not filed a supplemental brief, and the case is thus subject to dismissal under *Kisling*.

## DISPOSITION

The appeal is dismissed.


_____/s/_____
Duarte, J.


We concur:


_____/s/_____
Robie, Acting P. J.


_____/s/_____
Mauro, J.

3