Filed 8/6/15

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD KISLING,<br><br>    Defendant and Appellant. | C076047<br><br>(Super. Ct. No. 01F02348) |

APPEAL from a judgment of the Superior Court of Sacramento County, David W. Abbott, Judge. Dismissed.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

In this case, we address whether *People v. Wende* (1979) 25 Cal.3d 436 review applies to an appeal from the denial of a defendant's petition for release from his

1

commitment as a sexually violent predator. Defendant Richard Kisling appeals from the trial court's denial of his petitions for unconditional and conditional release from his commitment as a sexually violent predator. (Welf. & Inst. Code,[1] §§ 6605, 6608.) Appointed counsel for defendant has asked this court to review the record pursuant to *Wende* to determine whether there exist any arguable issues in defendant's appeal from the trial court's order. We asked for supplemental briefing from the parties on whether *Wende* review applies to appeals from denials of petitions for release from a sexually violent predator commitment. Finding *Wende* review is inapplicable here, we shall dismiss the appeal.

*Wende* applies only to "appointed appellate counsel's representation of an indigent criminal defendant in his first appeal as of right." (*In re Sade C.* (1996) 13 Cal.4th 952, 978.) Since proceedings under the Sexually Violent Predator Act (SVPA) (§ 6600 et seq.) are civil matters (*People v. Hurtado* (2002) 28 Cal.4th 1179, 1192), it follows that the proceeding in this appeal does not directly implicate *Wende*.

Defendant raises two arguments in support of his contention that *Wende* review applies to his appeal. Admitting that SVPA proceedings are not criminal, defendant nonetheless asserts that they are sufficiently similar to criminal proceedings to warrant the protections of *Wende* review. This argument cannot stand in light of the statement from the California Supreme Court in *Sade C.* limiting *Wende* to first appeals of right from criminal convictions.[2] Defendant's other contention, that *Wende* review is required as a matter of federal and state due process, requires more attention.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] The United States Supreme Court decision which *Wende* implements is likewise limited to first appeals as of right from criminal convictions. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545] [right to appointed counsel and therefore right to *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] review limited to first appeal as of right from a criminal conviction].)

In *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, our Supreme Court applied a three-part test in determining whether *Wende* review applied as a matter of due process to appeals from conservatorship proceedings conducted under the Lanterman-Petris-Short Act (LPS) (§§ 5000, 5350 et seq.): " '(1) the private interests at stake; (2) the state's interests involved; and (3) the risk that the absence of the procedures in question will lead to an erroneous resolution of the appeal.' " (*Conservatorship of Ben C.*, at p. 539.) The high court found the LPS served significant public and private interests including the prompt treatment of those with serious mental disorders and protecting public safety. (*Id.* at p. 540.) While LPS conservatees had important liberty interests at stake (*ibid.*), protections from them in the SVPA, such as the right to trial and appellate counsel, and the proof beyond a reasonable doubt standard mitigated the prospect of improper commitments (*id.* at p. 541). This balance of interests led the Supreme Court to conclude that *Wende* review was not needed in appeals from LPS commitment proceedings. (*Conservatorship of Ben C.*, p. 543.)

The same analysis applies here. The SVPA serves an important public interest "protect[ing] the public from sexual predators by detaining them and providing treatment until the mental condition causing their disorder has abated." (*People v. Martinez* (2001) 88 Cal.App.4th 465, 484.) While commitment as a sexually violent predator implicates significant liberty interests, as with the LPS, the SVPA contains procedural safeguards that mitigate the risk of erroneous resolution on appeal, including the beyond-a-reasonable-doubt standard (*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1153, fn. 20), the right to a probable cause hearing at which the person is entitled to the assistance of counsel (§ 6602), the right to a jury trial and a unanimous verdict, defense experts, access to all records (§ 6603), and the right to appellate counsel. In addition,

3

since defendant has already been found beyond a reasonable doubt to have "a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior," (§ 6600, subd. (a)(1)) his liberty interest is less than that of a person appealing the initial commitment order (*People v. McKee* (2010) 47 Cal.4th 1172, 1190-1191). Since the balance of interests weighs more heavily against applying *Wende* here than it did in *Ben C.*, we conclude defendant's appeal is not subject to *Wende* review.

In *Ben C.*, the Supreme Court announced the following procedure for LPS conservatorship proceedings. "If appointed counsel in a conservatorship appeal finds no arguable issues, counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion. Dismissal of an appeal raising no arguable issues is not inconsistent with article VI, section 14 of the California Constitution requiring that decisions determining causes 'be in writing with reasons stated.' Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 544, fns. omitted.) Counsel complied with her duty to review the record and found no arguable issues, and defendant declined the opportunity to identify any issues he believed should have been raised.[3] Dismissal of the appeal is therefore warranted.

---

**3** We also reject defense counsel's contention that defendant should be given another opportunity to file a supplemental brief in light of our decision not to undergo *Wende* review of his appeal. Counsel's *Wende* letter to defendant already informed him of his right to file a supplemental brief. The Supreme Court in *Ben C.* did not recognize any additional right to file such a brief and we see no reason to do so here.

## DISPOSITION

The appeal is dismissed.

                                       _____ROBIE_____ , J.

We concur:

_____NICHOLSON_____ , Acting P. J.

_____MURRAY_____ , J.