Filed 5/5/16  P. v. Perez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ANTHONY PEREZ,<br><br>　　　Defendant and Appellant. | B264646<br><br>(Los Angeles County<br>Super. Ct. No. ZM012136) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Melissa N. Widdifield, Judge.  Dismissed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Anthony Perez appeals from a trial court order committing him to the custody of the Department of Mental Health (DMH) under the Sexually Violent Predators Act (SVPA; see Welf. & Inst. Code, § 6600 et seq.)  We appointed counsel to represent Perez on appeal.  Appointed counsel filed an opening brief invoking the independent judicial review procedures set forth in *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  For reasons discussed in *People v. Kisling* (2015) 239 Cal.App.4th 288 (*Kisling*), review denied November 10, 2015, S228550, we conclude that *Anders*/*Wende* review on appeal is not available to Perez in the SVPA proceedings involved here, and, for this reason, dismiss his appeal.

## DISCUSSION

In August 2007, the People filed a petition to commit Perez to the DMH as a sexually violent predator within the meaning of the SVPA.  The trial court thereafter found probable cause, and ordered Perez transported to Coalinga State Hospital.  Perez waived jury, and the petition was tried to the trial court during March 2015.  At trial, competing testimony was given regarding Perez's criminal history, including criminal sex acts, along with testimony concerning his sexual mental disorders, treatment, and the question of whether he could be safely supervised outside a commitment setting.

On March 24, 2015, the trial court found the allegations in the petition to be true beyond a reasonable doubt.  As a result, the court ordered Perez into DMH's custody for an indeterminate commitment.

Perez filed a timely notice of appeal, and we appointed counsel to represent him in our court.  Appointed counsel filed an opening brief citing *Anders* and *Wende*.  On March 25, 2016, we invited the parties to submit further briefs addressing the issue of whether *Anders*/*Wende* review is available on appeal from an SVPA proceeding.  We specifically cited the recent *Kisling* decision by the Third District Court of Appeal.  Perez thereafter filed a supplemental brief arguing that *Kisling* incorrectly analyzed the *Wende* review issue in light of *Conservatorship of Ben C*. (2007) 40 Cal.4th 529

2

(*Ben C.*).  The People filed a letter brief arguing that *Kisling* correctly addressed the *Wende* review issue in light of *Ben C.*

We recognize that *Kisling* involved an individual's appeal from an order denying his petition to be *released* from a commitment under the SVPA, whereas Perez's current appeal is taken from an order *committing* him to the DMH's custody.  Nonetheless, we find the principles discussed in *Kisling* are applicable to Perez.  *Wende* review applies only to appointed counsel's representation of an indigent criminal defendant in a first appeal of right, and, because proceedings under the SVPA are civil matters, it follows that an appeal from an SVPA proceeding does not directly implicate *Wende*.  (*Kisling, supra*, 239 Cal.App.4th at p. 290.)  Application of the three-part test articulated in *Ben C.* for determining whether *Wende* review is available on appeal from a particular type of proceeding does not cause us to find that such review is required on appeal from a SVPA proceeding.  (*Kisling, supra*, 239 Cal.App.4th at pp. 290-292.)  When appointed counsel files an opening brief raising no issues on appeal from a SVPA proceeding, dismissal of the appeal is warranted.  (*Id.* at pp. 291-292.)

## DISPOSITION

The appeal is dismissed.

BIGELOW, P. J.

We concur:

RUBIN, J.

GRIMES, J.

3