Filed 8/15/16  P. v. Loya CA1/4
Received for posting 8/17/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MARIO LOYA,<br><br>　　　Defendant and Appellant. | A146799<br><br>(Napa County<br>Super. Ct. No. 26-66844) |

Following a jury's verdict of not guilty by reason of insanity, appellant was committed to the Department of State Hospitals (DSH) in Napa, pursuant to Penal Code[1] section 1026 in 1999.

On July 13, 2015, DSH filed a petition in Napa County Superior Court seeking authorization to treat appellant involuntarily with antipsychotic medications, pursuant to the authority of *In re Greenshields* (2014) 227 Cal.App.4th 1284 (*Greenshields*). Thereafter counsel was appointed to represent appellant in connection with the pending petition.

The petition included a "Statement of the Facts" setting forth the following evidence DSH intended to present at the hearing:

"1. Mario Loya is a 65-year-old male, whose date of birth is September 12, 1949. Mr. Loya was initially admitted to DSH-N[apa] on June 3, 1999, pursuant to Penal Code section 1026.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

1

"2. Mr. Loya is being administered involuntary psychotropic medication pursuant to an in-house panel determination conducted on January 27, 2015, pursuant to California Code of Regulations, title 9, section 4210 and Penal Code section 2972, subdivision (g).

"3. DSH-N[apa] is one of the state hospitals that provide mental health treatment to their populations of patients, who are committed by court order to their facilities for confinement and treatment.

"4. Mr. Loya is diagnosed with schizoaffective disorder depressive type, continuous, moderate alcohol use disorder, and borderline personality disorder. Mr. Loya's symptoms include persecutory delusions and depressive episodes.

"5. Mr. Loya has a history of noncompliance with taking psychotropic medications. Mr. Loya believes that he is not mentally ill and therefore does not need to take psychotropic medications. When attempts have been made to discuss with him the risks, benefits, and alternatives to psychotropic medications, Mr. Loya has stated, 'I don't need the medication; there is nothing wrong with me.' Mr. Loya has not voluntarily taken psychotropic medications since September 2008. Mr. Loya has stated that if he is not court-ordered to take his medications, he will not take them. Mr. Loya becomes increasingly paranoid and threatening towards peers and staff when he is not taking his medications.

"6. Mr. Loya continues to demonstrate a lack of insight into his mental illness. He insists that he suffers from no mental illness, and is in no need of psychotropic medications or treatment. Mr. Loya insists that he suffered from depression from 1969 to 1990, but that he is not psychotic. Mr. Loya does not recognize his paranoia as a symptom of his illness, and he believes that he is being wrongfully held at DSH-N."

The DSH petition further alleged that Mr. Loya was "not competent to reject medical treatment" because he was "unaware of his situation," he "does not understand the risks and benefits of treatment," and he was "unable to understand, evaluate, or participate in a treatment decision."

The petition is accompanied by a "Verification" signed by Dr. Nathan Thuma, a staff psychiatrist at DSH, stating that "[t]he contents of the Petition are true based on

2

personal knowledge and review of the medical history, diagnosis and treatment of this individual."

At an unreported[2] hearing on the petition held on November 12, 2015, the court found that appellant lacked the capacity to refuse treatment, and therefore ordered that psychotropic drugs, in an amount and with such frequency deemed necessary by the clinical treatment staff at DSH, be administered involuntarily to appellant for a period of one year. A notice of appeal was filed on behalf of appellant on November 16, 2015.

Appellant's counsel has filed an opening brief raising no arguable issues on appeal. Counsel asks this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). In *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), the California Supreme Court concluded that *Wende* procedures are not mandated in an appeal from a judgment for conservatorship of the person under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.). The majority held: "If appointed counsel in a conservatorship appeal finds no arguable issues, . . . counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion. Dismissal of an appeal raising no arguable issues is not inconsistent with article VI, section 14 of the California Constitution requiring that decisions determining causes 'be in writing with reasons stated.' " (*Ben C.*, at p. 544, fns. omitted.)

Several other intermediate appellate decisions since have extended *Ben C.*'s rationale, and have concluded that compliance with *Wende* is not required in cases involving related post-commitment proceedings. (*People v. Dobson* (2008) 161 Cal.App.4th 1422 [one committed following an not guilty by insanity jury verdict does not have the right to *Wende* review on appeal from the denial of a restoration to sanity

---

[2] The hearing was not reported, and following efforts to settle the record, the trial court granted an application proposed by the parties "deeming the 'Statement of the Facts' and verified allegations found in [DSH's] *Greenshields* petition filed on July 13, 2015, to be an adequate substitute for a reporter's transcript of the unreported hearing held on November 12, 2015."

3

petition under § 1026.2]; *People v. Taylor* (2008) 160 Cal.App.4th 304 [*Wende* review is not required in appeals by mentally disordered offender challenging extended commitments, pursuant to § 2960]; *People v. Kisling* (2015) 239 Cal.App.4th 288 [*Wende* review on appeal is not required from the denial of a sexually violent predator's petition seeking unconditional and conditional release under Welf. & Inst. Code, §§ 6605, 6608].) We conclude that the constitutional principles applied in *Ben C.* likewise do not apply here, and appellant's counsel does not argue that we are prohibited from following *Ben C.* in this appeal.

Thus, as *Ben C.* holds, we are not required to review the record to determine whether there are any arguable issues on appeal. Moreover, we note that appellant has been informed of his right to file a supplemental brief, but has not done so. Accordingly, we decline to exercise our discretion to conduct an independent review of the record, and the appeal is hereby dismissed.

_____

RUVOLO, P. J.

We concur:

_____

REARDON, J.

_____

RIVERA, J.

A146799, *People v. Loya*

5