Filed 9/29/16  P. v. Mitchell CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B269623 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. ZM020796) |
| v. | |
| ROGERS MITCHELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Dismissed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Defendant Rogers Mitchell appeals from a trial court order committing him to the custody of the State Department of State Hospitals under the Sexually Violent Predators Act (SVPA) (Welfare & Inst. Code, § 6600 et seq.). Appointed counsel on appeal filed a brief identifying no issues and requesting this court independently review the record under the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We conclude that such review is not available in SVPA proceedings and dismiss the appeal.

## DISCUSSION

On March 7, 2013, the People filed a petition for commitment of Mitchell as a sexually violent predator. Following a court trial, the court ordered Mitchell committed as a sexually violent predator. Mitchell appealed from the order involuntarily committing him to the custody of the State Department of State Hospitals.

As noted, appointed counsel filed a brief identifying no issues. We requested supplemental briefing on the issue of whether the procedures described in *Wende* apply on appeal from a order involuntarily committing a person under the SVPA. Following *People v. Kisling* (2015) 239 Cal.App.4th 288 (*Kisling*), which we find persuasive, we conclude that *Wende* review is inapplicable to civil SVPA proceedings and therefore dismiss the appeal.

"*Wende* applies only to 'appointed appellate counsel's representation of an indigent criminal defendant in his first appeal as of right.' " (*Kisling, supra*, 239 Cal.App.4th at p. 290; see *People v. Taylor* (2008) 160 Cal.App.4th 304, 312.) Proceedings under the SVPA are civil and therefore do not implicate *Wende*. (*Kisling*, at p. 290.) Moreover, even though an involuntary commitment implicates significant liberty interests, the ". . . SVPA contains procedural safeguards that mitigate the risk of erroneous resolution on appeal . . . ." (*Id*. at p. 291.) Although defendant points out that *Kisling* involved an appeal from a petition requesting release from a commitment and this case involves an appeal from a commitment order, the analysis in *Kisling* is equally applicable to this case.

Counsel identified no issues, and Mitchell declined the opportunity to identify any issues.  Dismissal of the appeal is therefore warranted.  (*Kisling, supra*, 239 Cal.App.4th at p. 292.)

## DISPOSITION

The appeal is dismissed.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.