Filed 5/11/21  P. v. Colbert CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ROLAND COLBERT, <br><br> Defendant and Appellant. | B307082 <br><br> (Los Angeles County Super. Ct. No. BA431346) |

APPEAL from an order of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## DISCUSSION

In December 2015, appellant Roland Colbert pled no contest to a charge of assault with intent to commit a felony. (Pen. Code, § 220, subd. (a)(1).)[1] He admitted the truth of an allegation that he had suffered a 1984 conviction for robbery (§ 211), which qualified as a strike under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12)) and a serious felony under section 667, subdivision (a). The trial court sentenced appellant to an aggregate term of 17 years, comprising the high term of six years, doubled pursuant to the Three Strikes law, and a five-year enhancement for his prior robbery conviction under section 667, subdivision (a). Appellant did not appeal the judgment.

In July 2020, appellant filed a motion for modification of his sentence under newly enacted section 1016.8, subdivision (b), which provides, "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." Appellant did not claim his 1984 plea bargain had included such a waiver provision. Instead, appellant argued his 1984 robbery conviction was void -- and therefore should not have been used to enhance his sentence in this case -- because he allegedly had not been advised, when pleading

---

[1]     Further statutory references are to the Penal Code.

guilty to the robbery, that his conviction might be used to enhance a future sentence. Appellant also asserted that under newly enacted Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1-2), which conferred discretion on trial courts to strike prior-serious-felony enhancements, the trial court was required to strike the five-year enhancement imposed for his prior robbery conviction. The trial court summarily denied the motion. Appellant appealed.

Appellant's appointed counsel filed a brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Under *Serrano*, when appointed counsel raises no issue in an appeal from an order denying post-judgment relief, an appellate court need not independently review the record. (*Id.* at 498; accord, *People v. Scott* (2020) 58 Cal.App.5th 1127, 1130-1131, review granted March 17, 2021, S266853.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to file a supplemental brief within 30 days. We received a request from appellant for a 60-day extension of time in which to file a supplemental brief, which we granted. The extended deadline has expired. We have received no supplemental brief.

Because neither appellant nor his counsel has raised any claim of error, we dismiss the appeal as abandoned. (See *Serrano, supra,* 211 Cal.App.4th at 503-504; *People v. Kisling* (2015) 239 Cal.App.4th 288, 292 & fn. 3.)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.

4