Filed 7/20/21  P. v. Shelton CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DWIGHT ROLLAND SHELTON, JR.<br><br>Defendant and Appellant. | B305679<br><br>(Los Angeles County Super. Ct. No. BA344533) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Dismissed.

Nancy Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, appellant Dwight Rolland Shelton was convicted of more than 50 felony counts stemming from his participation in fraudulent real estate transactions; the crimes included making false financial statements (Pen. Code, § 532a, subd. (1))[1], grand theft of personal property (§ 487, subd. (a)), forgery (§ 470, subd. (a)), offering a false or forged instrument for filing (§ 115, subd. (a)), identity theft (§ 530.5, subd. (a)), attempted grand theft of personal property (§§ 487, subd. (a), 664), and conspiracy to commit a crime (§ 182, subd. (a)(1)). In connection with specified counts, the jury also found that the value of the property involved exceeded $150,000 (former § 12022.6, subd. (a)(2)), that the loss exceeded $100,000 (§ 115, subd. (c)), and that the pattern of related felony conduct involved the taking of more than $500,000 (§ 186.11, subd. (a)(2)). The trial court sentenced appellant to an aggregate determinate prison term of 29 years, four months. We affirmed his convictions and ordered errors in his abstract of judgment corrected in 2012. (*People v. Shelton* (Apr. 10, 2012, Nos. B222428 & B225438) [nonpub. opn.].)

On December 17, 2019, appellant filed a "Motion for Relief Under Proposition 36, 47 and 57 Base [*sic*] on Non-Violent Committed Offense(s) Individual Value of Theft is Less than 950 Dollars." Appellant contended he was entitled to relief under Proposition 36 because the trial court had "imposed 4 years 4 month [*sic*] for the actual criminal act of grand theft, and imposed a 25 years to life under the three strikes law," which was improper under Proposition 36 because his crimes were not violent. He argued that he was entitled to relief under Proposition 47 because each of his individual acts of theft involved less than $950. Appellant also argued that he was

---

[1]All further statutory references are to the Penal Code.

2

entitled to early parole consideration under Proposition 57 because his offenses were wobblers and he had completed the full term for his primary offense.

The trial court ordered the prosecution to file a response to appellant's motion. In that response, filed February 4, 2020, the prosecution argued that the motion should be denied. It contended that Proposition 36 did not apply to appellant's case, because he did not suffer prior strike convictions and was not serving an indeterminate sentence; the court correctly denied appellant's previous request for relief under Proposition 47[2]; and the court lacked jurisdiction to grant relief under Proposition 57 because it did not authorize inmates to file petitions for resentencing.

Appellant subsequently filed an "Application for Relief Under Proposition 57 and the Case Law Standard [in] *In re McGhee* (2019) 34 Cal.App.5th 902." In that filing, appellant asserted that he had been improperly denied parole and requested that the court require the Department of Corrections and Rehabilitation to show cause why he should not be given a parole date within 60 days. Among other attachments, appellant included a "Nonviolent Decision Form" dated December 17, 2019 in which the Board of Parole Hearings denied parole based on its finding that appellant posed a "current, and unreasonable risk of significant criminal activity to the community."

The trial court took the matter under submission on February 10, 2020. On February 18, 2020, it issued a written ruling denying appellant's motion. The court noted that it considered the arguments raised in appellant's "Application for

---

[2]We affirmed the trial court's ruling in *People v. Shelton* (Nov. 10, 2015, No. B262081) [nonpub. opn.]).

Relief" as "additional points and authorities." The court concluded that none of the Propositions applied to appellant and that his motion accordingly was meritless. Appellant timely appealed.

Appellant's appointed counsel filed a brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Under *Serrano*, when appointed counsel raises no issues in an appeal from an order denying post-judgment relief, an appellate court need not independently review the record. (*Id.* at 498; accord, *People v. Scott* (2020) 58 Cal.App.5th 1127, 1130-1131, review granted March 17, 2021, S266853.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to file a supplemental brief within 30 days. We have received no supplemental brief.

Because neither appellant nor his counsel has raised any claim of error, we dismiss the appeal as abandoned. (See *Serrano*, *supra*, 211 Cal.App.4th at 503-504; *People v. Kisling* (2015) 239 Cal.App.4th 288, 292 & fn. 3.)

### DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


CURREY, J.

4