Filed 8/11/21  P. v. Lucas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C092922 |
| Plaintiff and Respondent, | (Super. Ct. No. SCV0023989) |
| v. | |
| DAVID LEE LUCAS, | |
| Defendant and Appellant. | |

Defendant David Lee Lucas appeals from a trial court order dismissing his petition for unconditional discharge from the custody of the Department of State Hospitals (DSH) under the Sexually Violent Predators Act (SVPA) (Welf. & Inst. Code, § 6600 et seq).[1] We appointed counsel to represent defendant on appeal.  Appointed counsel filed an opening brief invoking the independent judicial review procedures set forth in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] and *People v. Wende* (1979) 25 Cal.3d

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

436.  For the reasons discussed in *People v. Kisling* (2015) 239 Cal.App.4th 288, we conclude that *Anders/Wende* review on appeal is not available to defendant in the SVPA proceedings involved here, and we dismiss the appeal.

## BACKGROUND

In 2013, the trial court found defendant to be a sexually violent predator within the meaning of the SVPA and committed him to the custody of DSH at Coalinga State Hospital.  In 2019, consistent with section 6604.9, DSH conducted an annual review of defendant's mental condition and concluded neither conditional nor unconditional release would be appropriate.  In 2020, defendant filed a document entitled "Petition for 6605 Unconditional Discharge; Hearing, Judicial Review of Commitment," which contained the text of section 6605.  The court appointed counsel and set a hearing on the matter.

At the hearing, the court considered whether defendant was entitled to petition for unconditional discharge under section 6605.  Defense counsel argued defendant did not require a recommendation from DSH to apply for unconditional discharge.  The prosecutor argued defendant's only avenue to apply for release without a recommendation from DSH was to apply first for conditional release and then later apply for unconditional release.  Citing *People v. Smith* (2020) 49 Cal.App.5th 445, the court reasoned, "the legislature determined that before SVPs are unconditionally discharged on their own petitions they must spend time or they must spend at least one year on conditional release.

"That language, although I understand how it's applied in that case, is consistent with this Court's reading with respect to how to interpret [section] 6605 as requiring as a precondition for unconditional release and filing the petition the concurrence from the doctor or the -- a favorable opinion from the Department of State Hospitals."  The court thus dismissed the petition, saying defendant could not seek unconditional discharge under section 6605.  Defendant timely appealed.

2

DISCUSSION

Appointed counsel filed an opening brief citing *Anders* and *Wende*. Counsel acknowledged that the Courts of Appeal have concluded *Wende/Anders* procedures do not apply to SVP proceedings. Accordingly, counsel cited *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, and set forth the basic facts and procedural history of the case, as well as applicable law related to the SVPA. Counsel further asserted that, should defendant file a supplemental brief, this court would have an obligation to consider any issues raised in the brief. Counsel declared that he advised defendant of his right to file a supplemental brief or letter containing any issues he wishes this court to consider.

In *People v. Kisling, supra*, 239 Cal.App.4th 288, we considered whether *Wende* applies to an appeal from the denial of a defendant's petition for release from commitment as a sexually violent predator. We concluded *Wende* review applies only to appointed counsel's representation of an indigent criminal defendant in a first appeal of right; because proceedings under the SVPA are civil matters, it follows that an appeal from an SVPA proceeding does not directly implicate *Wende*. (*Kisling*, at p. 290.) Applying the three-part test articulated in *Conservatorship of Ben C., supra*, 40 Cal.4th 529, *Kisling* determined that such review is not required on appeal from a SVPA proceeding. (*Kisling*, at pp. 290-292.) Here, appointed counsel filed an opening brief raising no arguable issues on appeal, and the case is thus subject to dismissal under *Kisling*.

Defendant filed a supplemental brief, asserting two claims of error. First, he asserts the court erred when it failed to consider his advanced age and treatment efforts before it dismissed his petition. Second, defendant contends he received ineffective assistance of counsel because his attorney failed to present his treatment records or his age to the court. Defendant's contentions do not raise any arguable error. The trial court determined defendant, who was neither on conditional release nor had received a recommendation for unconditional release from DSH, was ineligible for a hearing on his

3

petition for unconditional discharge.  (*People v. Smith, supra*, 49 Cal.App.5th at 453 ["before SVPs are unconditionally discharged on their own petitions, they must spend at least a year on conditional release"]; *People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1069, fn. 7 [same].)  Thus, it need not have conducted such a hearing to consider the evidence supporting unconditional discharge, including the evidence defendant now asserts.

Neither defendant's supplemental brief nor the record demonstrates that defense counsel's performance was deficient or that defendant was prejudiced by any failure to present such evidence.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 694 [80 L.Ed.2d 674] [to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different].)  Evidence of defendant's age or treatment activities would not alter the legal conclusion that defendant was ineligible for a hearing on his petition, and counsel's failure to present this evidence could not cause any prejudice to defendant.

Accordingly, there is no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The appeal is dismissed.

/s/<br>RAYE, P. J.

We concur:

/s/
ROBIE, J.

/s/
DUARTE, J.

4