Filed 1/5/23  P. v. Pelfrey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095660 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F00528) |
| v. | |
| JACOB WAYNE PELFREY, | |
| Defendant and Appellant. | |

Defendant Jacob Wayne Pelfrey appeals from the civil commitment order entered after court trial and committing him to the Department of State Hospitals under the Sexually Violent Predators Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.).  Appointed counsel filed an opening brief invoking the independent judicial review procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436.  We dismiss the appeal because *Wende* review on appeal is not available in this civil commitment proceeding.

BACKGROUND

In 2007, defendant pled no contest to one count of felonious assault with intent to commit rape. (Pen. Code, § 220.) The trial court sentenced defendant to two years in state prison.

The People petitioned to commit defendant as a sexually violent predator in 2008. The trial court ordered defendant to be detained in a secure facility pending a probable cause hearing. Defendant filed a motion to dismiss in 2009, arguing the People lacked jurisdiction to file the petition. The trial court denied the motion. Following the denial, defendant waived his right to a probable cause hearing, and the trial court ordered defendant to be detained in a secure facility pending trial.

After a court trial in 2022, the trial court sustained the petition and ordered defendant committed to the Department of State Hospitals for an indeterminate term. Defendant timely appealed.

DISCUSSION

Appointed counsel filed an opening brief asking this court to review the record and determine whether there are any arguable issues on appeal, citing *People v. Wende, supra*, 25 Cal.3d 436. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We observed in *People v. Kisling* (2015) 239 Cal.App.4th 288, 290 that, since the proceedings under the SVPA are civil matters, they do not directly implicate *Wende*. Applying the test set forth by our Supreme Court in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, we further concluded the balance of interests weighs heavily against applying *Wende* to appeals from SVPA proceedings, and dismissed the appeal there. (*Kisling*, at pp. 291-292.)

We recognize that *Kisling* involved an individual's appeal from an order denying his petition to be released from a commitment under the SVPA, whereas defendant's

current appeal is taken from an order committing him to the Department of State Hospital's custody under the SVPA. (See *People v. Kisling, supra*, 239 Cal.App.4th at p. 290.) Nonetheless, we find the principles discussed in *Kisling* applicable.

Here, appointed counsel filed an opening brief raising no issues on appeal, defendant has not filed a supplemental brief. The case is therefore subject to dismissal. (See *Conservatorship of Ben C., supra*, 40 Cal.4th at p. 544 [appointed counsel's brief stating he or she has found no arguable issues on appeal provides an adequate basis for the court to dismiss the appeal on its own motion].)

DISPOSITION

The appeal is dismissed.

/s/<br>BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
EARL, J.