Filed 1/25/23  P. v. McCloud CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BYRON McCLOUD,<br><br>    Defendant and Appellant. | A166026<br><br>(Solano County<br>Super. Ct. No. VC31353) |

Byron McCloud appeals from an order denying his petition for conditional release or unconditional discharge under Welfare and Institutions Code section 6608 of the Sexually Violent Predator Act.[1]

McCloud's counsel on appeal has filed an opening brief stating that he has reviewed the record on appeal and researched potential issues and can find no arguable issues to raise on appeal.[2]  Citing *People v. Kisling* (2015) 239 Cal.App.4th 288, counsel asks us to follow the procedures set forth in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535 (*Ben C.*).  In *Ben C.*, our Supreme Court held that "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel . . . should (1) inform the court he or she has

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2]  McCloud's counsel on appeal also represents that counsel at the First District Appellate Project concurs with counsel's opinion.

1

found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.) The appellate court may then dismiss the appeal if there are no arguable issues. (*Id.* at p. 544.)

McCloud has filed a supplemental brief. He claims the evidence relied on to hold him as a sexually violent predator was "unlawful[]" under *Walker v. Superior Court* (2021) 12 Cal.5th 177 (*Walker*) and is "therefore suspect and should be treated with less deference," and he asserts this supports his request for a hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

We grant counsel's request to take judicial notice of our decision denying McCloud's previous petition for conditional release, *People v. McCloud* (2021) 63 Cal.App.5th 1 (*McCloud II*), and rely on it for this brief background.

"McCloud has been convicted of 17 sexually violent crimes against six different victims. The offenses against the first five victims were committed in 1979, with McCloud breaking into the victims' homes and sexually assaulting them. The first victim was a 10–year–old girl. McCloud was convicted of these crimes and sent to prison. He was paroled in March 1991, and seven months later, when he was 37 years old, McCloud broke into the home of a 69-year-old woman and sexually assaulted her. (*People v. McCloud* (2013) 213 Cal.App.4th 1076, 1080 (*McCloud I*).)

"In July 2011, a jury determined McCloud was a sexually violent predator (SVP), and he was committed to the custody of the Department of

State Hospitals (DSH).[3]  (*McCloud I*, *supra*, 213 Cal.App.4th at p. 1078.) McCloud has been continuously incarcerated or institutionalized since 1991." (*McCloud II, supra,* 63 Cal.App.5th at p. 6.)

"In 2015, McCloud petitioned for conditional release without the concurrence of the DSH.  The trial court (Hon. E. Bradley Nelson) appointed counsel and appointed an independent evaluator to examine McCloud.  Five witnesses—including four experts—testified at an evidentiary hearing, which was conducted over multiple days.  On January 8, 2018, at the conclusion of the hearing, Judge Nelson denied the petition, finding McCloud failed to prove he was no longer an SVP or that he was suitable for conditional release.  (*People v. McCloud* (No. A153615, July 19, 2019) [nonpub. opn.].)

"On August 8, 2019, McCloud, representing himself, filed another petition for conditional release without the concurrence of the DSH." (*McCloud II*, *supra*, 63 Cal.App.5th at p. 6.)

"On October 11, 2019, the trial court (Hon. E. Bradley Nelson) denied the petition without a hearing.  In his written order, Judge Nelson noted that he previously denied McCloud's earlier petition following an evidentiary hearing that included four expert witnesses.  The court explained: 'Petitioner has now filed a new petition for conditional release, also without the concurrence of the DSH.  However, unlike his prior petition, this one is not supported by medical evaluation nor by any facts upon which a court could find that petitioner's condition has so changed that a hearing is warranted. . . . [¶] Consequently, the current petition is denied because it is frivolous, i.e.

---

[3] A "sexually violent predator" is "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."  (§ 6600, subd. (a)(1).)

totally and completely without merit and, because it does not contain any facts upon which a court could find that petitioner's condition has so changed that a hearing is warranted.' " (*McCloud II*, *supra,* 63 Cal.App.5th at pp. 8–9.)

*The Current Appeal*

On April 28, 2022, McCloud petitioned for conditional release and appointment of an expert under section 6608, subdivision (a). He attached an annual psychological exam dated April 30, 2021, that found he still met the definition of an SVP and could not be safely treated in the community. His petition consisted of one paragraph, and stated that "the evidence relied on to hold McCloud as an SVP and that continue [*sic*] to be used was unlawfully [*sic*] under [*Walker*] and is therefore suspect and should be treated with less deference and that this supports the need for a hearing on my petition."

On June 29, 2022, the medical director for the DSH-Coalinga, where McCloud has been committed, sent the most recent psychological evaluation prepared by Jay Malhotra, Ph.D. (June 29 evaluation). The 37-page evaluation concluded that McCloud currently met the definition of an SVP and that he continued to have "a diagnosed mental disorder that makes him a danger to the health and safety of others in that it is likely he will engage in sexually violent criminal behavior." The evaluation described the mental disorders in detail and McCloud's documented history of sex offenses. Dr. Malhotra opined that "neither conditional nor unconditional release is appropriate." McCloud had not completed the sexual offense treatment program (SOTP), and "continues to refuse to participate in the hospital SOTP," and "has not sufficiently addressed his mental condition and other dynamic risk factors." The report concluded that "the best interest of Mr.

4

McCloud and adequate protection for the community cannot be assured in a less restrictive treatment setting."

The trial court issued a four-page written order denying McCloud's request. As to the sole claim that the evidence relied on to hold McCloud as an SVP was unlawful under *Walker*, the court noted that McCloud "makes no effort to explain how or why this decision affects the conclusion that he was/is an SVP."[4]

The trial court indicated that in addition to reading McCloud's petition and attachment, it read the June 29 evaluation. The court recited the law concerning conditional release of an SVP, and the court's authority upon receipt of subsequent petitions for release, such as this one, filed without the concurrence of the director of state hospitals. (§ 6608.) The trial court concluded that the petition had no merit. McCloud had not alleged that he is no longer an SVP and did not allege any facts to contradict the conclusions in the report. Because McCloud failed to make a prima facie showing for relief, the trial court denied the petition without a hearing.

On August 25, 2022, McCloud filed a notice of appeal from the denial of his petition for conditional release, the current appeal now before us.

## DISCUSSION

As we wrote in *McCloud II*, "A person who has been committed as an SVP has a right under section 6608, subdivision (a), to petition the court for conditional release with or without the recommendation or concurrence of the Director of the DSH. When a person petitions for conditional release without

---

[4] The court in *Walker* stated that there is no hearsay exception in the statute governing SVP probable cause hearings permitting the introduction of "hearsay regarding nonpredicate offenses via expert evaluations." (*Walker*, *supra*, 12 Cal.5th at p. 209.)

the concurrence of the DSH (as McCloud did in this case), the trial court is required to '*endeavor whenever possible* to review the petition and determine if it is based upon frivolous grounds and, if so, . . . deny the petition *without a hearing.*' (§ 6608, subd. (a), italics added.)" (*McCloud II*, *supra*, 63 Cal.App.5th at p. 9.)

"Section 6608 further provides that if, as was the case here, a petitioner has filed a *previous* petition for conditional release without the concurrence of the DSH and the previous petition was denied on the merits (either as frivolous or because the court determined the petitioner's condition had not so changed that he or she would not be a danger to others), 'the court *shall* deny the subsequent petition *unless* it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted.' (§ 6608, subd. (a), italics added.)" (*McCloud II*, *supra*, 63 Cal.App.5th at pp. 10-11.)

As we have noted, McCloud's appellate counsel has filed a brief setting out the applicable facts and the law and finding no arguable issues.[5]

McCloud filed a two-page supplemental brief consisting of three "grounds." The first ground (10 lines long) restates the one-page petition he filed with the trial court regarding the applicability of *Walker*. The second ground refers to the annual evaluation dated April 30, 2021, at page 6, which McCloud describes as stating "McCloud participated in numerous treatment groups encluding [sic] SOTP PHASE 1; PHASE 2, (So inconsistent and changed repeatedly) . . . and this supports the need for hearing below on petition." The third ground states "McCloud's advancing age relevant factor in determining whether a petition for conditional release is frivolous." We do

---

[5] McCloud's appellate counsel in this appeal also represented him on appeal in *McCloud II*.

not address new arguments raised for the first time on appeal. (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11 [" '[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court' "].) And even were we to do so, neither ground amounts to more than a one sentence assertion, without support in the record and explication. (*Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 150 [disregarding assertions made on appeal that were "not supported by any cogent argument or legal authority"].)

Although we may properly dismiss this appeal on our own motion, we have discretion to retain the appeal. (*Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 8.) We have reviewed the record to the extent necessary to exercise that discretion. We find no issues warranting further briefing or analysis.

## DISPOSITION

The appeal is dismissed.

                                        _____

                                        Miller, J.

WE CONCUR:


_____

Stewart, P.J.


_____

Richman, J.


A166026, *People v. McCloud*