Filed 6/21/23  P. v. Stewart CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL STEWART,<br><br>    Defendant and Appellant. | 2d Crim. No. B320765<br>(Super. Ct. No. 2021033283)<br>(Ventura County) |

Michael Stewart appeals the trial court's order declaring him a sexually violent predator (SVP) pursuant to Welfare and Institutions Code section 6600 et seq.,[1] and committing him to the custody of the Department of State Hospitals (DSH) for an indeterminate term.  His appointed counsel filed a brief indicating an inability to identify any appealable issues and

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

requesting our independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

For the reasons discussed in *People v. Kisling* (2015) 239 Cal.App.4th 288, review denied Nov. 10, 2015, S228550 (*Kisling*), we conclude that *Wende* review is not available to Stewart in this SVP proceeding. We therefore dismiss his appeal.

## BACKGROUND

Stewart's two qualifying predicate convictions under section 6600, subdivision (b), occurred in 1981 and 2002. The first conviction was for two violations of former Penal Code section 288a, subdivision (b)(2), oral copulation of a minor. Stewart was found to be a mentally disordered sex offender and committed to Atascadero State Hospital. After failing that treatment program, he completed his sentence in state prison.

The second conviction was for a violation of Penal Code section 288.5, continuous sexual abuse of a minor under the under age 14 by someone who "either resides in the same home . . . or has recurring access to the child," and two violations of Penal Code section 288, subdivision (a), the commission of a lewd or lascivious act upon a child under the age of 14. Stewart was sentenced to 20 years in prison.

Prior to Stewart's release from prison, the District Attorney filed the petition seeking his SVP commitment under section 6600 et seq. Stewart appeals the trial court's order granting that commitment.

## DISCUSSION

Notwithstanding his request for *Wende* review, appointed counsel acknowledges in his brief that it "appears to be well established California law" that *Wende* procedures do not apply to appellate review of SVP appeals. (See *Conservatorship of Ben*

2

*C.* (2007) 40 Cal.4th 529, 537-539 (*Ben C.*) [*Wende* does not apply to proceedings that are civil in nature, such as Lanterman-Petris-Short Act conservatorships].) In *Kisling, supra*, 239 Cal.App.4th 288, the Court of Appeal considered whether *Wende* applies to an appeal from the denial of a defendant's petition for release from SVP commitment. The court concluded *Wende* review applies only to appointed counsel's representation of an indigent criminal defendant in a first appeal of right. (*Kisling*, at p. 290.) Because SVP proceedings are civil matters, it follows that an appeal from an SVP proceeding does not directly implicate *Wende*. (*Kisling*, at pp. 290-292.) This is true whether the appeal is from the initial SVP commitment order, as it is here, or from the denial of a petition for release from the commitment. (See *ibid.*)

Stewart's appointed counsel filed an opening brief raising no arguable issues on appeal. On February 27, 2023, we sent a notice to appointed counsel in which we directed him to send Stewart the record on appeal and a copy of the opening brief and to inform Stewart he had 30 days from the date of our notice to submit a supplemental brief.

Appointed counsel has confirmed that he sent Stewart a copy of his opening brief and advised Stewart of his right to file a supplemental brief. Counsel also informed Stewart that "this court has no obligation to conduct an independent review of the record under current California law" and that "it is very likely that if he does not file a supplemental brief this court will dismiss his appeal as abandoned."

The time for Stewart to file a supplemental brief has expired and no such brief was filed. The appeal is therefore subject to dismissal. (See *Ben C., supra*, 40 Cal.4th at p. 544; *Kisling, supra*, 239 Cal.App.4th at pp. 291-292.)

3

## DISPOSITION

The appeal is dismissed.

CODY, J.

We concur:

GILBERT, P.J.

YEGAN, J.

Paul W. Baelly, Judge

Superior Court County of Ventura

_____

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.