Filed 9/21/23 P. v. McCloud CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BYRON McCLOUD,<br><br>    Defendant and Appellant. | A167751<br><br>(Solano County<br>Super. Ct. No. VC31353) |

Byron McCloud appeals from an order denying his petition for conditional release under Welfare and Institutions Code section 6608 of the Sexually Violent Predator Act.[1]

McCloud's appellate counsel has filed an opening brief informing the court he has reviewed the record and researched potential issues and can find no arguable issues to raise on appeal. Citing *People v. Kisling* (2015) 239 Cal.App.4th 288, counsel asks us to follow the procedures set forth in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*). In *Ben C.*, our Supreme Court held that "[i]f appointed counsel . . . finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, *supra,* 40 Cal.4th at p. 544.) In addition, "[t]he

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id*. at p. 544, fn. 6.)  The appellate court may then dismiss the appeal if there are no arguable issues.  (*Id*. at p. 544.)

Here, McCloud has filed a supplemental brief.  We have evaluated his arguments and find no issues of merit.  (Cf. *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 [in postconviction appeal of the denial of a petition for resentencing, when appointed counsel files a no-issue brief and "the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)  Accordingly, we will dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

After he was found to be a sexually violent predator (SVP) in 2011, McCloud was committed to the custody of the Department of State Hospitals (DSH).  (*People v. McCloud* (Jan. 25, 2023, A166026) 2023 WL 382379, at *1 (*McCloud III*).)  McCloud petitioned for conditional release without the concurrence of the DSH in 2015, 2019, and 2022; each time, the trial court denied the petition.  (*Id*. at *1–3.)

Mostly recently, on March 17, 2023, McCloud petitioned for conditional release and appointment of an expert under section 6608, subdivision (a) (§ 6608(a)).  He attached an annual psychological exam dated June 9, 2022, in which the DSH concluded that he still met the definition of an SVP and that adequate protection for the community could not be assured in a less restrictive treatment setting.  The report explained the "conditional release program is designed for patients who have already benefitted from treatment and are motivated to engage in . . . community-based therapy," but "McCloud

2

continues to refuse to participate in the hospital SOTP [sexual offense treatment program]."[2]

On March 30, 2023, the trial court issued a three-page order denying McCloud's petition. The court noted McCloud's previous petition (filed in 2022) was denied without a hearing pursuant to section 6608(a).[3] The trial court concluded McCloud failed to make a prima facie showing for relief in his current petition and was not entitled to a hearing because he "d[id] not allege that he is no longer an SVP and did not allege any facts to contradict the conclusion of the [DSH] report."

## DISCUSSION

A person who has been committed as an SVP has a right under section 6608(a), to petition the court for conditional release with or without the recommendation or concurrence of the Director of the DSH. When a person petitions for conditional release without the concurrence of the DSH (as in this case), the trial court is required to "endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, . . . deny the petition *without a hearing*." (§ 6608(a), italics added.)

Further, when a petitioner previously filed a petition for conditional release without the concurrence of the DSH and the previous petition was denied on the merits (again, as in this case), section 6608(a) provides that "the court *shall* deny the subsequent petition *unless* it contains facts upon

---

[2] In his current petition, McCloud avers that he " 'VOLUNTARILY' entered SOTP Phase 1" and that this is a change "since July 2011 commit[]ment." The annual report explains, however, that while he was enrolled in SOTP from 2009 through 2013, "McCloud has consistently declined to enroll in SOTP since 2013." McCloud does not dispute that he has not participated in the DSH's sexual offense treatment program since 2013.

[3] This court dismissed McCloud's appeal from the denial of his 2022 petition. (*McCloud III, supra,* 2023 WL 382379, at *4.)

3

which a court could find that the condition of the committed person had so changed *that a hearing was warranted.*" (§ 6608(a), italics added.)

Here, the trial court properly denied the petition because McCloud did not make a prima facie case for relief, that is, he failed to allege facts showing his condition had so changed that a hearing was warranted.

We have reviewed McCloud's supplemental brief, and he does not raise any issues showing error by the trial court. He argues the trial court erred in failing to appoint an expert. Section 6608, subdivision (g), provides, "The committed person shall have the right to the appointment of experts, if the committed person so requests." However, subdivision (g), governs the conduct of a hearing on a petition; thus, the right to an appointed expert arises only when a hearing on the petition is required. But, in this case, no hearing was required because McCloud failed to allege "facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted." (§ 6608(a).) McCloud's remaining arguments are undeveloped and do not suggest the trial court erred in finding his petition failed to state a prima facie case for relief.

## DISPOSITION

The appeal is dismissed.

4

_____

Miller, J.

WE CONCUR:


_____

Stewart, P.J.


_____

Richman, J.


A167751, *People v. McCloud*

5