Filed 2/21/24  P. v. Davis CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE, | 2d Crim. No. B330377 |
| Plaintiff and Respondent, | (Super. Ct. No. 2003000197) (Ventura County) |
| v. | |
| RANDY SCOTT DAVIS, | |
| Defendant and Appellant. | |

Randy Scott Davis appeals from the trial court's order committing him to the State Department of State Hospitals as a sexually violent predator (SVP) within the meaning of the Sexually Violent Predators Act.  (Welf. & Inst. Code, § 6600 et seq.)  We appointed counsel to represent appellant on appeal. After an examination of the record, counsel filed an opening brief raising no arguable issues and requested that we follow the procedures set forth in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and *People v. Kisling* (2015) 239 Cal.App.4th 288 (*Kisling*).  Appellant was informed by appellate counsel and

by this court of his right to file a supplemental brief containing any issues he wishes this court to consider.

Appellant filed two supplemental briefs raising no issues of merit. Accordingly, we dismiss the appeal.

*Facts and Procedural Background*

In 1984, appellant kidnapped an eight-year-old girl, took her to his apartment, and sexually molested her. He was convicted by plea of no contest to kidnapping and lewd and lascivious conduct on a child under the age of 14. (Pen. Code, §§ 207, subd. (b), 288, subd. (b).) Appellant was sentenced to 11 years in state prison.

In 2003, appellant was convicted by plea of no contest to attempted kidnapping for the purpose of committing child molestation. (Pen. Code, §§ 664/207, subd. (b).) He admitted having three prior serious felony convictions. (Pen. Code, § 667, subd. (a).) Appellant was sentenced to 20 years in state prison.

In 2022, prior to appellant's release from prison, the People filed a petition to commit him to the State Department of State Hospitals as an SVP. (Welf. & Inst. Code, § 6600, et seq.) The trial court conducted a hearing and found probable cause to grant the petition.

Appellant waived jury. The trial court conducted a hearing on the petition. The evidence included: (1) evaluation reports prepared by two psychologists who opined that appellant met the statutory criteria for commitment, (2) appellant's 1984 crimes, which qualified as sexually violent offenses (Welf. & Inst. Code, § 6600, subd. (b)), and (3) various other documents and stipulations regarding appellant's criminal history.

After considering the evidence, the trial court found the allegations in the petition true beyond a reasonable doubt and ordered appellant civilly committed to the Department of State Hospitals for an indeterminate term.

*Discussion*

Because the instant appeal is from an SVP commitment proceeding rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See *Ben C.*, *supra*, 40 Cal.4th at pp. 537-539; *Kisling*, *supra*, 239 Cal.App.4th at pp. 290-292.)  He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

In his supplemental briefs, appellant contends he received ineffective assistance of counsel because he was not advised that he would be classified as an SVP and defense counsel failed to move for "several years of continuances" so appellant could "complete[] the program" at Coalinga State Hospital, and "win a trial."

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687-694.)

Neither appellant's supplemental briefs nor the record demonstrates that defense counsel's performance was deficient or that a more favorable disposition was reasonably probable.

*Disposition*

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

4

Kristi Peariso, Judge
Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.