Filed 6/20/22  P. v. Pacheco CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B313771 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA401305) |
| v. | |
| JOSEPH ALCARAZ PACHECO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David R. Fields, Judge. Dismissed.

Theresa O. Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Appellant Joseph Pacheco appeals the denial of his petition for resentencing under Penal Code section 1170.95.[1] In 2012, appellant and three other members of a criminal street gang met with a fellow gang member, Anaya, at an apartment to collect money for a drug deal.[2] After discovering information on Anaya's phone leading them to believe Anaya was an informant for law enforcement, the men locked Anaya in the bathroom and then appellant and the others struck him in the face. The four assailants later reentered the bathroom; appellant and another man were armed with handguns. The men injected Anaya with methamphetamine, tied his hands behind his back, placed a sweatshirt over his head, and led him out of the apartment to a nearby truck.

Two of the men drove away with Anaya in the truck; appellant, who was wearing a GPS tracking device as a condition of parole, remained in the apartment. The two men drove Anaya to an alley and shot him in the head. Anaya survived the shooting, and subsequently identified appellant and the other men as his assailants.

In 2013, a jury found appellant guilty of attempted murder, kidnapping, and possession of a firearm by a felon. (§§ 187, subd. (a); 207, subd. (a); 29800, subd. (a)(1).) The jury found true allegations that the attempted murder was premeditated, willful, and deliberate, and also found true the associated gun and gang enhancement allegations as to each count. Appellant admitted a prior conviction for which he served a prison term. (§ 667.5, subd. (b).) The trial court sentenced appellant to a total term of 36 years to life.

Appellant and his three co-defendants appealed their convictions. Appellant argued there was insufficient evidence to support the jury's finding that he aided and abetted in the kidnapping and attempted murder of Anaya.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On our own motion, we take judicial notice of our prior opinion in this matter, *People v. Vargas* (July 14, 2015, B252948) [nonpub. opn.]. The procedural and factual background set forth here is drawn from this opinion.

We affirmed appellant's conviction in our prior unpublished opinion, *People v. Vargas* (July 14, 2015, B252948) [nonpub. opn.]. We noted that the jury was instructed on direct aider and abettor liability, and the prosecution declined to proceed on a natural and probable consequences theory. We found that there was substantial evidence in the record to support appellant's convictions as a direct aider and abettor, reasoning that appellant was present when his co-defendant, Vargas, asked Anaya whether Anaya was an informant, appellant "participated in beating up Anaya, and he was present and armed with a .45–caliber handgun when Vargas injected Anaya with methamphetamine. Pacheco was also present when Vargas placed a sweater over Anaya's head and took him out of the apartment. On this record, a reasonable jury could infer that Pacheco knew that his fellow gang members, who were armed with handguns, would take Anaya, who was suspected of being an informant, to another location and shoot him." We also found that appellant "aided the offenses by participating in beating Anaya and provided an armed presence when Vargas was injecting him with methamphetamine, both acts that rendered Anaya more malleable and less likely to resist the kidnapping and shooting."

On August 11, 2020, appellant filed a petition for resentencing under Penal Code section 1170.95. Appellant asserted that he had been convicted of attempted murder under the felony murder rule or natural and probable consequences doctrine and could not now be convicted of attempted murder because of changes made to Penal Code sections 188 and 189.[3] The trial court appointed counsel for appellant and both parties filed briefs. The prosecution argued that appellant was ineligible because he was prosecuted

[3] Appellant initially checked the boxes on his form petition stating that he was convicted of murder, rather than attempted murder. The trial court recognized that appellant was convicted of attempted murder and continued the proceedings. Section 1170.95 was subsequently amended by Senate Bill No. 775 (Stats. 2021, ch. 551), effective January 1, 2022, to include "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine." Although the trial court proceedings here concluded in 2021, there was no contention that appellant was ineligible for relief because he committed attempted murder rather than murder.

solely on a theory that he intended to kill while directly aiding and abetting the attempted murder; accordingly, the jury was not instructed on felony murder or the natural and probable consequences doctrine. The prosecution attached as exhibits our prior appellate opinion and the written jury instructions given at trial.

The court held a hearing on July 8, 2021 regarding whether appellant had made a prima facie case for relief, which would result in the court issuing an order to show cause and setting an evidentiary hearing. At the hearing, the court indicated it was inclined to deny the petition. Appellant's counsel submitted based on the record of conviction.

The trial court denied the petition, finding that appellant failed to establish a prima facie case that he was entitled to relief. Citing our prior opinion, the court found that appellant was convicted under a direct aider and abettor theory and the jury was not instructed on a natural and probable consequences theory. Accordingly, the court concluded that appellant was ineligible for relief as a matter of law. Appellant timely appealed.

Appellant's appointed counsel filed a brief raising no issues and requesting that this court independently review the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) rather than follow the procedures of *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). We directed counsel to send the record and a copy of the brief to appellant, and notified him of his right to respond within 30 days. We have received no response.

We conclude that appellant is not entitled to *Wende* review and dismiss the appeal pursuant to *Serrano*. "In an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535, citing *Anders v. California* (1967) 386 U.S. 738; *Wende, supra*, 25 Cal.3d 436.) A defendant is not entitled to such review "in subsequent appeals." (*Serrano, supra*, 211 Cal.App.4th at p. 503; see also *People v. Kisling* (2015) 239 Cal.App.4th 288, 290.) As this is an appeal from a motion for postjudgment relief, not a first appeal as a matter of right, appellant is not entitled to *Wende* review. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14,

2020, S264278 (*Cole*); *People v. Scott* (2020) 58 Cal.App.5th 1127, review granted Mar. 17, 2021, S266853 (*Scott*).) We agree with our colleagues in *Scott, supra*, 58 Cal.App.5th at p. 1131 that we retain discretion to conduct a *Wende*-type review, but that such discretion "should be exercised when there is some reason to do so, not as a routine matter." There is no reason to do so here, where it is readily apparent that appellant's section 1170.95 petition cannot succeed as a matter of law. (See *Scott, supra*, 58 Cal.App.5th at pp. 1131-1132.)

Neither appellant nor his counsel has raised any claims of error. We accordingly follow the procedures of *Serrano* and dismiss the appeal as abandoned. (*Scott, supra*, 58 Cal.App.5th at p. 1132; *Cole, supra*, 52 Cal.App.5th at p. 1040; *Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

WILLHITE, ACTING P.J.

CURREY, J.