Filed 8/15/22 P. v. O'Neal CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B314193 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA031112) |
| v. | |
| JARROD LEE O'NEAL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge. Dismissed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Jarrod Lee O'Neal appealed following the superior court's denial of his resentencing petition under Penal Code former section 1170.95 (now § 1172.6).[1] Appellant's appointed counsel filed a brief on appeal raising no issues and invoking *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Because neither appellant nor his counsel raised a cognizable claim of error, we dismiss the appeal as abandoned. (*People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).)

## FACTUAL AND PROCEDURAL BACKGROUND

We take the underlying facts from opinion affirming the underlying judgment, *People v. O'Neal* (Oct. 29, 1998) B112806 (nonpub. opn.)[2]:

"On June 4, 1995, Willie Bullins, appellant's brother, was leaving his apartment in Long Beach when six 'guys,' including Reginald Ford, Barry Moore, and Robert Hollie, confronted him. They demanded some property belonging to Ruthie Siverand, Moore's sister and Hollie's ex-wife. When Bullins denied that he had the property, the men hit him, grabbed him by the ankles, and tried to throw him over a second-story railing. Bullins then told them that he would take them to the property, and he led them to another apartment complex where appellant was located. Bullins told appellant what had happened, and appellant talked to Bullins's antagonists for 15 or 20 minutes. When the police arrived, the antagonists dispersed.

---

[1]     Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). All further statutory references are to the Penal Code unless otherwise indicated.

[2]     We granted appellant's request for judicial notice of the previous appellate opinion.

"The next day, at some point after 9 p.m., Siverand, Ford, Moore, Hollie, and Errick Ealy were standing outside a house on the corner of Lime and Hill Streets in Long Beach, drinking and listening to music.  Toya Moore, Moore's and Siverand's sister, was inside the house putting some children to bed.

"An African-American male approached the house, wearing dark-colored clothes, a long coat, and a 'beanie' cap covering hair in French braids.  The male pulled a black, two-and-one-half foot gun from underneath his coat and fired more than ten gunshots.  Several of these shots hit Ealy, fatally wounding him.

"The only witness that identified the gunman was Toya Moore.  She testified as follows:  She knew that appellant's sister lived in the same apartment building as Siverand.  Before the shooting on June 5, she might have seen appellant in Siverand's apartment building, but she could not remember.  Soon after she heard the gunshots on June 5, she went out of the house's front door and saw a Black male with dark colored clothing, a knitted cap or beanie, and braided hair walking quickly by.  The man put a smoking gun under his coat, passed her, crossed a street, and looked back at her.  She then saw the gunman's face.

"Toya Moore further testified that she might have seen appellant in Siverand's apartment building two or three days after the shooting, although she did not then recognize appellant as the gunman.  Four or five days after the shooting, Toya Moore and Siverand were involved in a fight with appellant's sister in Siverand's apartment building.  Appellant might have been a member of the crowd that watched the fight, but Toya Moore could not remember seeing him.

"Toya Moore first identified appellant as the gunman about six weeks after the shooting when she selected appellant's

3

photograph from a police lineup of nine photographs and said, '[T]his could be the person that was on the corner, except for the person that was on the corner had braids in his hair.' She also identified appellant as the gunman at trial."

The People filed an information charging appellant with murder (§ 187, subd. (a)), and alleged that appellant had personally used a gun in the commission of the murder (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)). A jury convicted appellant of first degree murder and found the firearm allegation to be true. (*People v. O'Neal* (Oct. 29, 1998) B112806 [nonpub. opn.].) In May 1997, the superior court sentenced appellant to a term of 25 years to life for the murder, and a consecutive term of 10 years for the firearm enhancement.

In November 2020, appellant, acting in propria persona, filed a petition for resentencing under section 1172.6. Appellant stated in his petition that he had been convicted of felony murder, and asserted that the evidence presented at trial was insufficient to support his conviction. The superior court appointed counsel to represent appellant and set a hearing. Counsel filed a brief asserting no argument, and asking the court to independently review the record. The People filed a response stating that appellant had not been convicted of felony murder. Rather, he was found by the jury to be the actual killer, and therefore he was ineligible for relief under section 1172.6. At a hearing the superior court denied appellant's petition, finding that appellant was convicted as the actual killer and therefore could not make a prima facie case for resentencing under section 1172.6. Appellant timely appealed.

## DISCUSSION

Appellant's appointed counsel on appeal filed a brief raising no issues and requesting that this court independently review the record for arguable issues pursuant to *Wende, supra,* 25 Cal.3d 436. We directed counsel to send the record and a copy of the brief to appellant, and notified him of his right to respond within 30 days. We have received no response.

Appellant is not entitled to *Wende* review, and we therefore dismiss the appeal pursuant to *Serrano.* "In an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535, citing *Anders v. California* (1967) 386 U.S. 738; *Wende, supra,* 25 Cal.3d 436.) A defendant is not entitled to such review "in subsequent appeals." (*Serrano, supra,* 211 Cal.App.4th at p. 503; see also *People v. Kisling* (2015) 239 Cal.App.4th 288, 290.) As this is an appeal from a motion for postjudgment relief, not a first appeal as a matter of right, appellant is not entitled to *Wende* review. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 (*Cole*); *People v. Scott* (2020) 58 Cal.App.5th 1127, review granted Mar. 17, 2021, S266853 (*Scott*).)[3] We agree with our colleagues in *Scott, supra,* 58 Cal.App.5th at p. 1131, that we retain discretion to conduct a *Wende*-type review, but that such discretion "should be exercised

---

[3]     In a case currently on review in the Supreme Court, *People v. Delgadillo,* S266305, the Supreme Court is considering what procedures appointed counsel and the Courts of Appeal must follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit.

when there is some reason to do so, not as a routine matter." There is no reason to do so here, where it is apparent that appellant's section 1172.6 petition cannot succeed as a matter of law.  (See *Scott, supra*, 58 Cal.App.5th at pp. 1131-1132.)

Because neither appellant nor his counsel has raised any claim of error, we dismiss the appeal as abandoned.  (*Scott, supra*, 58 Cal.App.5th at p. 1132; *Cole, supra*, 52 Cal.App.5th at p. 1040; *Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

MANELLA, P. J.

WILLHITE, J.

6