Filed 6/26/23  P. v. Cheshire CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B323343 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA443099) |
| v. | |
| ANDREW EARL CHESHIRE, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge. Dismissed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Andrew Earl Cheshire appeals from a postjudgment order denying his second petition for resentencing under former Penal Code section 1170.95 (now § 1172.6).[1] Appellate counsel filed a brief raising no issues and requesting that we proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Appellant did not submit a supplemental brief or filing. We dismiss the appeal as abandoned.

## BACKGROUND AND DISCUSSION

In 2017, a jury convicted appellant of one count of attempted murder (§§ 187, subd. (a) & 664), one count of pimping (§ 266h, subd. (a)), and one count of human trafficking of a minor (§ 236.1, subd. (c)(1)). The jury also found true the allegations that appellant personally and intentionally discharged a firearm causing great bodily injury during the commission of attempted murder (§§ 12022.53, subds. (c), (d)). Appellant was sentenced to an overall term of 75 years to life plus 12 years. In 2019, we affirmed appellant's convictions but remanded the matter to correct an error in custody credits and permit the court to exercise its newly authorized discretion to strike a firearm enhancement. (*People v. Cheshire* (May 22, 2019, B286902) [nonpub. opn.] (*Cheshire I*).) Thereafter, the trial court awarded custody credits but left intact the firearm

---

[1] Subsequent references to statutes are to the Penal Code unless otherwise indicated.

2

enhancement findings and attached sentence under section 12022.53, subdivision (d).

In 2021, appellant filed his first section 1172.6 petition for resentencing and alleged that he had been convicted under an invalid theory of attempted murder, such as felony murder or murder under the natural and probable consequences doctrine. Upon its receipt of appellant's petition, the trial court summarily denied it without appointing counsel. In his subsequent appeal, appellant "d[id] not dispute his ineligibility for relief. Instead, he argue[d] that the court committed structural error in failing to appoint counsel, requiring reversal regardless of prejudice." (*People v. Cheshire* (Feb. 28, 2022, B312182 [nonpub. opn.] (*Cheshire II*).) We rejected the argument, finding any error harmless because malice had not been imputed to appellant; rather, the jury "necessarily found [appellant] acted with an intent to kill." (*Id.* at p. *6.)

On January 31, 2022, before we issued our opinion in *Cheshire II*, appellant filed a second petition under section 1172.6 seeking the same relief sought in his first petition. The trial court appointed counsel, accepted briefing by the parties, and held a hearing. After the hearing, the court found appellant ineligible for relief as a matter of law, as the jury instructions and verdict demonstrated that appellant had been the actual shooter who committed the attempted murder with actual malice.[2]

---

[2] The court also noted that no jury instruction had been given on aiding and abetting or the natural and probable consequences doctrine.

Appellant filed a timely notice of appeal from the order denying his second section 1172.6 petition, and we appointed appellate counsel. Citing *Serrano, supra,* 211 Cal.App.4th 496, appointed counsel filed an opening brief setting out the relevant procedural history in this case and declared that she found no arguable issues to raise on appeal. Counsel stated she had explained this evaluation to appellant and informed him of his right to file a supplemental brief. On January 24, 2023, we directed counsel to send the record and a copy of the brief to appellant. We also notified appellant of his right to respond within 30 days, and that if no supplemental brief was timely filed, this court may dismiss the appeal as abandoned under *Serrano.* Appellant has filed no supplemental brief or response.

Because neither appellant nor his counsel has raised any cognizable claim of error, we dismiss the appeal as abandoned. (*Serrano, supra,* 211 Cal.App.4th at pp. 503-504.) "In an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535, citing *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) But a defendant is not entitled to such review "in subsequent appeals." (*Serrano, supra,* at p. 503; see also *People v. Kisling* (2015) 239 Cal.App.4th 288, 290.) This is an appeal from a postjudgment motion for relief and not a first appeal as a matter of right. Appellant

is not entitled to *Wende* review.  As we have already held, appellant's section 1172.6 petition cannot succeed as a matter of law (*Cheshire II*, *supra*, at p. 6), and as such, we dismiss this appeal as abandoned.

**DISPOSITION**

The appeal is dismissed.
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

CURREY, Acting P. J.

COLLINS, J.