Filed 9/12/23  P. v. Sanchez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID PAUL SANCHEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B328290<br>(Super. Ct. No. 2019013468)<br>(Ventura County) |

David Paul Sanchez appeals from the trial court's judgment and order committing him to the Department of State Hospitals as a sexually violent predator (SVP) within the meaning of the Sexually Violent Predators Act (SVPA).  (Welf. & Inst. Code, § 6600 et seq.)[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues in accordance with

---

1 All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

*Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and *People v. Kisling* (2015) 239 Cal.App.4th 288 (*Kisling*) and requested that we independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

Appellant filed his own supplemental brief, in propria persona, contending that he should have had a "defense evaluator" "defend" him at his SVP trial.[2]  We affirm.

*Factual and Procedural Background*

In January 2015, appellant assaulted an off-duty female sheriff's deputy as she exercised at the Botanical Gardens in Ventura.  Appellant was convicted of sexual battery (Pen. Code, § 243, subd. (c)(1)) and sentenced to 180 days in county jail.

In January 2016, appellant approached a 7-year-old girl in the public library and began masturbating as he stared at her.  Appellant was convicted of indecent exposure (Pen. Code, § 314(1)) and sentenced to 60 months of formal probation.

In September 2017, appellant approached an 11-year-old girl celebrating her birthday at a local miniature golf course and grabbed her left buttocks twice.  Appellant was convicted of one count of a lewd act upon a child (Pen. Code, § 288, subd. (a)) and sentenced to three years in prison.

In May 2019, the Ventura County District Attorney filed a petition for commitment as an SVP.  (§ 6600 et seq.)  The trial

---

[2] On August 28, 2023, appellant filed a second supplemental brief with our permission.  We have read and considered the contentions therein, which are generally repetitive and attack the validity of the trial court's determination that he met the requirements for commitment as an SVP.  As we explain, appellant's contentions are meritless.

court found probable cause to believe that appellant was an SVP and ordered that he be held for trial.

Two forensic psychologists evaluated appellant. Tricia Busby, Ph.D., and Julie Yang, Psy.D, diagnosed appellant with pedophilic disorder, female, nonexclusive type, as well as hypersexuality. Based on their evaluations, Dr. Busby and Dr. Yang concluded that appellant met the requirements for commitment as an SVP.

In March 2023, appellant waived his right to a jury trial. The parties stipulated that the trial court could decide the case based on the written records, including appellant's commitment offense, as well as the evaluations by Dr. Busby and Dr. Yang. The trial court found the allegations of the petition to be true and that appellant met the criteria for certification as an SVP. The trial court ordered appellant committed to the Department of State Hospitals.

*Discussion*

Because the instant appeal is from an SVP commitment proceeding rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See *Ben C.*, *supra*, 40 Cal.4th at pp. 537-539; *Kisling*, *supra*, 39 Cal.App.4th at pp. 290-292.) He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

In his first supplemental brief, appellant contends he "was suppose[d] to have [a "defense evaluator"] to defend [him]" at his SVP trial, "even if the evaluator" claims that he met the statutory criteria for commitment. In his second supplemental brief, appellant repeats this contention and challenges, in a cursory

fashion, defense counsel's competency and understanding of the SVP proceedings. He also challenges the adequacy of his treatment at Coalinga State Hospital. Appellant's contentions are meritless.

First, a person subject to an SVP commitment proceeding has the right to "retain experts or professional persons to perform an examination on the person's behalf," but nothing in the statutory language obligates the trial court to automatically appoint an expert in every case. (See § 6603, subd. (a).) For example, the statute expressly provides: "If the person is indigent, the court shall appoint counsel to assist that person and, *upon the person's request*, assist the person in obtaining an expert or professional person to perform an examination or participate in the trial on the person's behalf." (*Ibid.*, italics added.)

Here, nothing in the record indicates that appellant ever made such a request. Instead, the record shows that appellant expressed his desire to take responsibility for his offenses and return to Coalinga State Hospital to continue his treatment. He stipulated that the trial court could decide the case based on the written records, as well as the evaluations of Dr. Busby and Dr. Yang. He also waived his right to have an updated evaluation. Consequently, appellant's contentions are not reviewable because he expressly waived any such consideration.

Second, appellant's cursory challenge to the competency of his trial counsel is also without merit. Based on the foregoing, and in view of appellant's desire to "streamline [the] process," it is possible that the decision not to obtain a separate evaluation was made for strategic reasons. Appellate courts do not second-

4

guess the reasonable, tactical decisions of counsel. (*People v. Orloff* (2016) 2 Cal.App.5th 947, 955.)

Third, appellant's challenge to the adequacy of his treatment at Coalinga State Hospital is not cognizable in this appeal.

*Disposition*

The judgment and order of commitment are affirmed. NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

5

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.