Filed 12/5/24  P. v. Toner CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SEAN ERIC TONER,<br><br>    Defendant and Appellant. | 2d Crim. No. B335033<br>(Super. Ct. No. 2016012695)<br>(Ventura County) |

Sean Eric Toner appeals the trial court's order committing him to the State Department of State Hospitals as a sexually violent predator (SVP) within the meaning of the Sexually Violent Predators Act.  (Welf. & Inst. Code § 6600 et seq.)  We appointed counsel to represent Toner on appeal.  After an examination of the record, counsel filed an opening brief raising no arguable issues and requested that we follow the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*), and *Anders v. California* (1967) 386 U.S. 738, or alternatively *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and *People v. Kisling* (2015) 239 Cal.App.4th 288 (*Kisling*).  Toner

was informed by appellate counsel and by this court of his right to file a supplemental brief presenting any issue that he requests this court to consider. We have not received a response.

*FACTUAL AND PROCEDURAL HISTORY*

On July 8, 2009, A.M. was cleaning the bathroom at the Sacred Heart Church. Toner knocked on the church door and A.M. opened the door to ask his purpose. Toner followed A.M. inside to the bathroom. There he struck her repeatedly, choked her, and touched her breasts and vaginal area. A.M. resisted and Toner held a piece of glass against her throat. A.M. then stated that she would comply with his demands but that they should move elsewhere. When they reached the church entrance, she pushed away from Toner and fled.

On February 19, 2010, Toner was convicted of assault with the intent to commit rape during a burglary. (Pen. Code, § 220, subd. (b).) He was sentenced to seven years' imprisonment. Prior to Toner's release from prison, the prosecutor filed an SVP petition pursuant to Welfare and Institutions Code section 6600. On November 18, 2016, the trial court found probable cause that Toner is a person as described in section 6600.

Toner waived his right to a jury trial and the trial court conducted a hearing on the petition. The evidence included testimony by two psychologists who opined that Toner met the statutory criteria for commitment, documentation reflecting the underlying crime, and other documents and stipulations concerning Toner's criminal history. The psychologists' opinions rested in part upon interviews with Toner. Toner also presented favorable expert testimony based upon personal interviews regarding application of SVP criteria to him.

2

After considering the evidence, the trial court found the allegations in the petition true beyond a reasonable doubt.  It ordered that Toner be civilly committed to the State Department of State Hospitals for an indeterminate term.

Toner is not entitled to our independent review of the record pursuant to *Wende, supra,* 25 Cal.3d 436 because this appeal arises from an SVP commitment proceeding rather than a first appeal as of right from a criminal conviction.  (*Ben C., supra,* 40 Cal.4th at pp. 537-539; *Kisling, supra,* 239 Cal.App.4th at pp. 290-292.)  Toner has not raised any contentions by supplemental brief that require our consideration.

The appeal is dismissed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

3

Nancy L. Ayers, Judge

Superior Court County of Ventura

_____

Rudy G. Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.